Day, J.
 

 The sole question presented by this record is whether or not this action was appealable.
 

 The solution of the problem whether the case is at law or in equity depends upon the pleadings and the issue tendered, and whether the remedy sought is one in which courts of chancery do and have been accustomed to exercise jurisdiction. To state the matter concisely, we think the question must turn upon the point whether or not the answer sets up such equitable cross-demands and seeks such affirmative relief as to make the case one in equity rather than at law.
 

 It is to be noted that the second defense avers the the “defendant, in 1922, at great cost and expense to herself, erected on that part of lot 116 mentioned in plaintiff’s petition,
 
 belonging to her,
 
 the certain brick building mentioned in said petition,” etc., thus virtually pleading ownership and possession. A further averment is made constituting equitable estoppel as against the plaintiff from claiming or asserting any right, title, or ownership in such premises, and the prayer of the answer, which is really in the nature of a cross-demand, or cross-petition, recites:
 

 
 *318
 
 “Wherefore this defendant prays as follows:
 

 “First. That her title to the premises in said dispute
 
 be quieted,
 
 and that she be decreed to be the owner and possessor in fee simple of the real estate now in dispute between her and the plaintiff, and that her title thereto be quieted against this plaintiff.”
 

 This, we think, constituted a pleading in the nature of an action for the quieting of title, purely equitable in character, and as the relief sought in this cross-demand of the answer was such as could be granted only by a chancellor, the action was therefore equitable in nature, and hence appealable. We do not give to the answer the narrow construction claimed by the defendant in error, to wit, that the estoppel pleaded in the answer is defensive only in character. The language of the answer is broader. The averments thereof are that the defendant, at great cost and expense, erected the building in question upon the land
 
 “belonging to her.”
 
 This is an averment of ownership and possession. The answer contained further denial of any knowledge of the property rights of the bank therein, and an averment that the bank by reason of its actions was estopped from claiming or asserting any right, title, or ownership in such property, which was tantamount to an averment of the adverse claim of the plaintiff. This, coupled with the language of the prayer, asking that her title to the premises in dispute be quieted, and that she be decreed to be the owner and possessor of the fee of the real estate in dispute, that her title thereto be quieted as against the plaintiff, is more than a mere defensive plea,
 
 *319
 
 but is one seeking affirmative relief. As was said by Bradbury, J., in
 
 Gill
 
 v.
 
 Pelkey,
 
 54 Ohio St., 348, 360, 43 N. E., 991, 993:
 

 “It may be quite true that an equitable defense merely, that is, one which sets forth some equitable considerations for the sole purpose of resisting the plaintiff’s demands,
 
 without asking any affirmative action of the court whatever,
 
 will not affect the mode of trial, although it would have done so., if the party had invoked some affirmative relief. . The difference between them being that the first is simply a defense to the cause of action stated in the petition, while the other is a cross-demand constituting a cause of action in itself, on which, a separate action might have been maintained. The former being merely a defense, cannot draw to itself a mode of trial different from that prescribed for the cause of action to which it relates. The latter being a distinct cause of action, is of equal dignity with the one set forth in the petition, and therefore equally entitled to its appropriate method of trial. * * *
 

 “In view of these cases it may be regarded as the settled law of this state, that while an equitable defense merely will not affect the mode of trial or right of appeal, yet an equitable cross-demand set forth by a defendant in a cross-petition upon which he asks affirmative relief, will draw tp itself the mode of trial appropriate to such cause of action, and give the same right of appeal as it would do if set forth in a petition by the plaintiff in an action.”
 

 That when the defendant in his answer seeks affirmative relief in his cross-demand he sets up á
 
 *320
 
 distinct cause of action, of “equal dignity with the one set forth in the petition,” is recognized in
 
 Raymond
 
 v.
 
 T., St. L. & K.,C. Rd. Co.,
 
 57 Ohio St., 271, at page 288, 48 N. E., 1093, 1096, wherein Spear, J., says:
 

 “It seems equally well settled that, unless a new, affirmative case is made by the defendant which requires a trial in advance of a trial on the plaintiff’s cause of action, and, if found in favor of the defendant, would wholly supersede plaintiff’s claim, the trial of the case made by the plaintiff is not affected.”
 

 It is this demand for affirmative relief in the answer, based upon the averment of the second and third defenses, that distinguishes the case at bar from that of
 
 Raymond
 
 v.
 
 Rd. Co., supra.
 

 This court in a unanimous decision in
 
 W. C. McBride, Inc.,
 
 v.
 
 Murphy,
 
 111 Ohio St., 443, at page 446, 145 N. E., 855, 856, said:
 

 “The petition of plaintiffs below alleged they were out of possession. However, the cross-petition of the defendant was a bill
 
 quia timet,
 
 or what is known to our Code as an action to quiet title. The cross-petition alleged possession in the answering defendant, and asserted that the plaintiffs claimed title to and interest in the premises in question. In the case developed by the pleadings the claim of title made by the plaintiffs was a cloud upon the title of the defendant, which it had a right to remove. If, under the former decisions of this court, the plaintiffs, because out of possession, could not have their remedy in chancery, but were relegated to an action in ejectment, it
 
 *321
 
 appears nevertheless that if the cross-petitioning defendant interposes a case, chancery in character, touching the subject-matter contained in the petition, and relief is granted thereon, the cause becomes one in chancery. 21 Corpus Juris, 506. This was in substance our holding in the case of
 
 Kiriakis
 
 v.
 
 Fountas,
 
 109 Ohio St., 553, 143 N. E., 129, wherein the discussion upon that subject appears in the opinion on page 558.”
 

 In the light of the liberal construction that the provisions of our Code with reference to pleadings have been accorded by this court, and upon the authority of the above cited cases, we have reached the conclusion that the answer of the defendant herein is not defensive merely, but is a good statement of cross-demands for equitable relief, to wit, declaration of ownership of the disputed tract in herself, possession thereof, adverse character of the claim of the bank, facts constituting an estoppel as to any such adverse claims, and a prayer for affirmative relief by the defendant that “her title to the premises in said dispute be quieted, and that she be decreed to be the owner and possessor in fee simple of the real estate now in dispute between her and the plaintiff and that her title thereto be quieted against this plaintiff,” together with a prayer for injunction restraining the plaintiff from in any way interfering with her in her occupancy, enjoyment, and possession of said premises.
 

 We think the foregoing avers sufficient to constitute a distinct cause of action “of equal dignity with the one set forth in the petition, and there
 
 *322
 
 fore equally entitled to its appropriate method of trial.”
 

 Actions for quieting title have long been entertained by chancery, and have been held in this state to be equitable in character, and as such are appealable under our practice. It therefore follows that the motion of the bank to dismiss the appeal was not well taken, and the Court of Appeals should have overruled the same, and its judgment in failing so to do will therefore be reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.