## CLEVELAND LIBERTY BK. v. WANDA BLDG. CO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8292. Decided May 23, 1928.

Syllabus by Editorial Staff.

**APPEAL—Real Estate (510 F3)**

(30 R.) Whether a case is appealable can only be determined from the pleadings; and when it appears therefrom that the case is one at law, involving only the question of the amount of indebtedness, an appeal will be dismissed, although foreclosure of mortgage is asked, as well as the determination of priority of liens, it appearing that the issue of priority is betwen co-defendants and such issue disappears by reason of unquestioned priority of one of them.

Appeal from Common Pleas.

Dismissed.

Krueger & Pelton, Cleveland, for Bank.

Henry DuLawrence, Cleveland, for Building Co.

STATEMENT OF FACTS.

This cause is here on appeal from the Court of Common Pleas of Cuyahoga County, and at the beginning of the argument the Court entertained a motion to dismiss the proceedings on the ground that the cause is not appealable, and we will proceed to an examination of this question, because its determination settles the question as to whether it is necessary to consider the cause upon its merits along the channels outlined in the briefs.

**SULLIVAN, PJ.**

In as much as it has been repeatedly held that the issues arising from the pleadings determine the question of appealability, it is necessary for us to turn to the pleadings in the case and we find that the petition is composed of two causes of action, and in the first it is set out that on September 14, 1925, the defendant, The Wanda Building Company, executed and delivered to John Ruthowski a certain promissory note in the sum of $8000.00 payable one year after date, together with interest at the rate of six per cent payable semi-annually, and the cause of action closes with the allegation that the note is unpaid and past due and that there is due thereon the sum of $8480.00 together with interest from Septem-

ber 7, 1926, at six per cent, and for its second cause of action the plaintiff alleges that it incorporates all the facts of the first cause of action and alleges that on September 14, 1925, The Wanda Building Co., one of the defendants herein, being then and there the owner of the premises, conveyed to Rutkowski a mortgage deed for the purpose of securing the payment of the note set forth in plaintiff's first cause of action. Then the petition sets up that the defendants, The Berkshire Life Insurance Co., The Cleveland Builders Supply & Brick Co., and Edward Roski claim some interest in the premises described and asks to have their interest set forth in due and legal form.

When we come to the examination of the prayer of the petition we find that it is for a judgment against The Wanda Building Company in the sum of. $8480.00, together with interest from September 7, 1926, at six per cent per annum, and then follows the prayer that the other defendants named, be compelled to set up their interest or be forever barred, and in addition there is a further prayer that the mortgage be held to be a first and best lien upon the premises, and that the premises be sold and the proceeds applied to the payment of plaintiff's claim and the appointment of a receiver is finally prayed for, together with such other and further relief as may be equitable in the premises.

Thus, it will be seen that so far as the petition is concerned, the cause of action is for a judgment upon a promissory note and that the mortgage securing the same be foreclosed and that out of the proceeds thereof, the note be paid as a first preference by way of a mortgage.

An examination of the amended answer of The Wanda Building Company, shows the admission of the execution and delivery of the note in question and also admits the execution of the mortgage on the premises described, as security for the payment of the note, but it denies that there was any consideration for the note as regards the plaintiff, and also that the plaintiff was a purchaser of value before maturity. There is a further denial of the ownership of plaintiff to the note or that it was assigned in good faith, and, excepting the admissions, there was a denial of every other allegations of the petition, excepting the specific denials above noted.

The balance of the amended answer sets up allegations to show that on September 14, 1925, The Wanda Building Co. had been engaged to construct a certain building in the City of Cleveland, and that for the purpose of financing the same the defendant company agreed with John Rutkowski, the payee of the note in question, that The Wanda Building Company could draw against Rutkowski from time to time, such amounts as were necessary in the construction of the building, and for the purpose of securing the same, the note and mortgage were executed.

It is claimed however, that there should be no advancements to Rutkowski to exceed $7,-000.00 and it alleged that the total advancements were only $6976.50 and there is a further allegation that the plaintiff had full knowledge of these stipulations so that the issue created by the pleadings is whether the amount claimed in the petition is the amount due, or the lesser amount, according to the figures just noted.

There was a further claim that these differences had been fully adjudicated in the Common Pleas Court in another lawsuit wherein the parties and issues were the same.

The prayer of this amended answer is that the amount due, be determined, and that the note be delivered up and cancelled, and for such other relief as may be equitable and proper, which latter request was also contained in the prayer of the petition.

In the answer and cross-petition of the other co-defendants in the case, the allegations are confined simply to the amount of indebtedness claimed and the securities executed for the payment of the amounts, but, in the prayer of the pleading of The Berkshire Life Insurance Company, the court is asked to decree that their lien be the first and best lien upon the premises described in the petition, which they claim is security for the payment of $23,000.00 and interest from June 15, 1926.

From this state of the pleadings, it appears that the paramount issue is whether the plaintiff should recover $8000.00 or less, according to the figures above noted, appearing in the answer of The Wanda Building Co.

The issue as to the priority of the mortgages, is between The Wanda Building Company, and The Berkshire Life Insurance Co., but, inasmuch as the issue disappears by the unquestioned priority of The Berkshire Life Insurance Co., over The Wanda Building Co., it is obvious that the only issue is one of the amount of indebtedness.

There is no issue as to the execution and delivery of the mortgage to secure the note set up by the plaintiff. Therefore the case is a law, instead of a chancery proceedings, and under Section 6, Article 4 of the Constitution of 1912, the Court can entertain no jurisdiction of the case, because under that section its appellate jurisdiction is confined to chancery cases only.

The entry in the case itself will be "Appeal dismissed, O.S.J." and on the motion docket the entry may be "Motion sustained. Defendants except."

(Vickery and Levine, JJ., concur.)