### GOWDY v ROBERTS

Ohio Appeals, 9th Dist, Summit Co

No 1601. Decided March 29, 1929

Grant, Thomas & Buckingham, Akron, For the Motion.

Ralph G. Thomas, Akron and Hyre & Hyre, Cleveland, Contra.

**WASHBURN, J.**

Where a petition contains two causes of action—one an action at law, which is

triable by a jury, and the other a recognized chancery proceeding, which is triable by the court—and both causes of action are disposed of together in a single trial in the Common Pleas Court upon the issues made in the petition, the question of whether or not the case is appealable depends generally upon whether the action at law is the primary one,- the relief sought in the chancery action depending upon and being ancillary thereto,- or whether the chancery action is the principal one, the relief sought therein being a necessary foundation for the action at law.

Looking to the petition alone in the instant case, it is clear that the case is not appealable, for the right to foreclose depended upon the right to recover on the note.

In the case at bar, the answer sets forth that plaintiff's signature to the note and mortgage was obtained by fraud and that defendant knew that fact when he obtained the note and therefore was not a bona fide holder for value, and prays that the petition be dismissed; except for the last line of the prayer of the answer, where it is asked that the note and mortgage be canceled, it is purely and simply defensive and relates entirely to issues triable to a jury.

The reply denies the fraud charged or any knowledge thereof, and alleges that plaintiff is a bona fide holder of said note and mortgage for value before maturity, and prays that the answer be dismissed and that plaintiff may have judgment as prayed for in his petition.

The defense made and relief asked as to the mortgage was identical with the defense made and relief asked as to the note.

It is therefore apparent that the issues thus made by the first cause of action in the petition and the answer and reply, which were heard and determined by the court, were only jury issues; to-wit, whether defendant's signature to the note was obtained by fraud, and if so, whether plaintiff was a bona fide holder for value before maturity; and the mere fact that there was included in the answer a prayer for the cancellation of the note and mortgage, did not change the character of the issues or present a cause of action which required a trial in advance of the trial of plaintiff's cause of action on the note. If the judgment was in favor of the defendant on the jury issues involved in plaintiff's first cause of action and the answer thereto, the foreclosure of the mortgage would necessarily be defeated and the cancellation of the mortgage would be but a mere incident of such judgment; and the prayer therefore invoked only such relief as the court had the right to grant as a result of a judgment against the plaintiff on the note. No interposition of a court of equity was necessary to give the defendant the full benefit of the facts pleaded in his answer, by way of defense and therefore no affirmative relief by way of cross-demand was really prayed for in the answer. (**Bank v. Weyand, 30 OS. 126.**

**Raymond v. T., St. L. & K. C. R. R. Co., 57 OS. 271.**

The case of **Lust v. Farmers' Bank & Sav, Co., 114 OS. 312,** is not controlling.

**Gill, et al., v. Pelkey, et al., 54 OS. 348, at p. 361.**

Our consideration of the pleadings in the case at bar leads us to the conclusion that the answer set forth a defense merely and not an equitable cross-demand, and that therefore neither the mode of trial nor the right of appeal was affected by the answer.

The case made in the petition was not appealable, and was not made so by the filing of the answer, and therefore the motion to dismiss the appeal must be granted.

Funk, PJ and Pardee, J, concur.