## RENNER PRODUCTS CO. v CLEMMER JOHNSON CO

### RENNER PRODUCTS CO. v AKRON (city) et

Ohio Appeals, 9th Dist, Summit Co.

Nos 1614 & 1622. Decided May 31, 1929

N. H. Greenberger and W. A. Spencer, both of Akron, for Produce Co.

Mather, Nesbitt & Willkie, Akron, for Clemmer Johnson Co.

A. B. Underwood, Dir. of Law, C. B. MacDonald, Asst. Dir. of Law, and Mather, Nesbitt & Willkie, all of Akron, for city.

FUNK, J.

It is conceded that only actions in chancery can be appealed, and that whether a case is appealable depends upon whether or not it is one in equity or at law, as determined from the nature of the action as appears from the pleadings.

**111 OS. 595, Hummer v. Parsons.**
**57 OS. 271, Raymond v. Railway Co.**

If injunction is the main relief sought, and the questions of title and possession are only incidental to the right for an injunction, the case is one in chancery; but if the questions of title and possession are the main relief asked, and injunction is only incidental to it, the action is one at law.

Whether or not this case is appealable thus depends upon whether this is an action for the recovery of specific real property, which is conceded to be an action at law, or is an action merely to enjoin a continuing and repeated trespass, which is conceded to be equitable in its nature.

In case No. 1614, the petition alleges that plaintiff is the owner and in possession of certain described real estate, and complains that the defendant, The Clemmer-Johnson Co., without authority or right, is trespassing upon its property by using it as a means of ingress and egress to defendant's property with trucks and other vehicles, and prays "that on final hearing of this cause the acts of the defendant as herein set forth be declared illegal and that the defendant be permanently enjoined from in any way interfering with the plaintiff in its use and possession of said property or in using plaintiff's property as a means of ingress or egress from its yards adjacent to plaintiff's property, and for such other and further relief as plaintiffs may be entitled to in law or in equity."

The answer, after admitting that each party is a corporation and engaged in their respective businesses and that they own certain lands adjoining each other, is a general denial.

It is claimed by plaintiff that a general denial denies plaintiff's title to the property, and that therefore, under the issues as thus made up, the real and primary question is one of title, which makes the case an action at law.

Counsel for plaintiff claim that their position is sustained by the case of **Raymond v. Railway Co., 57 OS. 271, et seq.,** and cite some other cases which it is claimed sustain their position and interpretation of the Raymond case.

Counsel for defendant just as strongly contend that this case is authority for **their** position that the case is appealable, and also cite several other cases as reflecting upon and sustaining their position.

The first syllabus in this case is to the effect that "a plaintiff may be permitted to substitute an amended petition in place of the original which may have the effect

to change the form of action from an equitable to a legal action." It is thus clear that in the Raymond case the original petition was an action in chancery and that the amended petition made it an action at law.

It will be next observed that in the instant case, the petition alleges that plaintiff is the owner and in the possession of the real estate in question and that the only complaint made by plaintiff is that the defendant is trespassing upon its property by using it as a means of ingress and egress to defendant's property, which adjoins that of plaintiff, and asks that defendant be restrained from so using plaintiff's property. There is no allegation that defendant claims ownership or the right to possession or that it is in possession, and no prayer as to title or possession, but the petition alleges only that defendant is trespassing upon plaintiff's property and asks that it be enjoined from so doing.

It is thus apparent that the main relief asked is injunction, and while it may be necessary for plaintiff to prove that it is the owner and in posession of the premises, to be entitled to an injunction, ownership and possession are not the primary questions at issue—that is, the main relief asked—and are only necessary facts to be proven incident to the right for injunction.

By comparing the petition in the instant case with the allegations of the original petition and the amended petition in the Raymond case, it is clearly apparent that the petition in the instant case is in its nature equitable and that the case is therefore appealable, unless its nature is changed by the allegations of the answer.

Furthermore, the claim of plaintiff that the answer of general denial denies the ownership of or title to the property and thus makes the issue one of title and which is an action at law, is practically an admission that the petition in itself does not state an action at law but rather one in equity, and that if defendant had admitted that plaintiff was the owner and in possession of the property described and merely denied the trespass by reason of some claimed easement, that we would then have an equitable action.

It is well settled that a mere general denial does not change the kind or nature of the action made by the petition, and also that an answer may set up an equitable defense, such as an equitable estoppel, and be merely defensive and not change the nature of the action made in the petition from one at law to one in equity, and that unless the answer or cross-demands set up a new and affirmative case, which requires a trial in advance of a trial on the plaintiff's causes of action, and if found in favor of defendant would wholly supercede plaintiff's claim, the nature of the action made by the petition is not affected.

See: Raymond v. Railway Co., supra, and **Lust v. Bank & Savings Co., 114**

OS. 312, at p. 320 et seq., and cases there cited.

It is thus clear that the answer, being only a general denial, does not change the action from one in equity to one at law.

It appearing that the petition states an action in equity, and that the allegations of the answer are not such as will change the nature of the action as made by the allegations of the petition, it follows that the case is appealable and that motion to dismiss the appeal must be denied.

In case No. 1622, it is conceded that the essential allegations of the petition governing the nature of the case, are the same as in case No. 1614 and that the questions raised are exactly the same as in that case. The same finding is therefore made in case No. 1622 as in case No. 1614, and the motion to dismiss the appeal in case No. 1622 is also denied.

Washburn, J, concurs. Pardee, J, not participating.