Sup.), 284 S. W., 803; *Strother* v. *Kansas City,* 316 Mo., 1067, 296 S. W., 795.

So far as plaintiff's statement sets forth the facts, it clearly appears that the question of proximate cause was a mixed question of law and fact. What the evidence may show on retrial we do not know. When the facts of the transaction are adduced, the question will again be presented, and whether a directed verdict will then be required is a question for future determination.

For the prejudicial error in directing a verdict, the judgment in favor of the defendant company will be reversed, and the cause remanded for a new trial as to such defendant.

*Judgment reversed and cause remanded.*

LLOYD and RICHARDS, JJ., concur.

FELTON *v.* THE COMMERCIAL NATIONAL BANK ET AL.

(Decided January 8, 1930.)

*Messrs. Glenn & Glenn* and *Messrs. Wheeler & Ely,* for plaintiff in error.

*Mr. C. B. Hunt,* for defendant in error bank.

*Mr. C. O. Turner,* for defendant in error administrator.

SHERICK, J.   This is a proceeding in error to the

court of common pleas of Coshocton county. The parties stand here in the same position they did in the court of first instance. The action is grounded on a written instrument for the payment of money issued by the defendant bank to the decedent, which is as follows:

"The Commercial National Bank. No. 34713.
"Certificate of Deposit.
"$3621.26.
"Coshocton Ohio, Aug. 21, 1925.

"Mrs. Leah Barnes, has deposited in this bank exactly Thirty-Six Hundred Twenty-One Dollars, Twenty-six cents, payable on return of this certificate properly indorsed, Six or Twelve months after date, with interest at the rate of four per cent. per annum. Interest on this certificate ceases at the end of twelve months from date unless renewed.

"C. R. Speckman, Cashier."
"L. S."

Indorsed as follows: "Mrs. Leah Barnes."

The petition is in the short form, alleges demand and refusal of the bank to pay, and is for money only. The defendant bank answers, admits the issuance of the certificate, and avers that its refusal to pay was due to an order of the codefendant administrator not to pay; but further states it is ready and willing to pay the amount to whomsoever shall be entitled to the same as found by the court.

The administrator was made a party to this suit upon his own motion, and thereupon filed an answer and cross-petition. The answer is a general denial. The cross-petition alleges that the decedent never indorsed or delivered the certificate to the plaintiff,

that the indorsement was a forgery and the estate is the owner of the instrument, and that he (the administrator) is entitled to the possession thereof. The prayer of the cross-petition is that the instrument be adjudged the property of the estate, that the indorsement be cancelled, that the instrument be delivered to him, as administrator, and that the bank be ordered to pay the amount thereof to him. Service of summons was issued on the cross-petition. The plaintiff answered and generally denied the facts set forth in the cross-petition. It appears from the record that decedent died December 6, 1927. The petition was filed February 15, 1929.

The cause was submitted to the court upon the cross-petition and answer thereto, as one in equity, over the objection of the plaintiff, and it is the plaintiff's claim that therein the trial court erred for the reason that the case was one at law for money only and should have been tried to a jury, and that the cross-petition did not change the legal issue to an equitable one. This is, in fact, the sole and only question insisted upon in this cause that this court may properly consider.

The evidence and testimony disclose that the questions of indorsement, delivery, and forgery were in strong conflict. The issues were decided in favor of the defendant administrator.

In order that we may make clear the reason within us, we would first determine whether the instrument sued upon is negotiable or nonnegotiable. It is beyond doubt that the instrument in question conforms to all the requirements necessary to make an instrument negotiable, as provided in Section 8106 of the General Code, unless it be lacking in language

sufficient to comply with subdivision 4 thereof, which provides it "must be payable to order or to bearer." This express phrase, or a part thereof, is not contained in this instrument, and it is the view of this court that these exact words are not necessary to make a certificate of deposit negotiable, and that other words of like import may be considered as coming within the meaning and intent of the statute.

The certificate contains the following term: "Payable on return of this certificate properly endorsed." This language can have but one logical meaning, and the necessary implication arising therefrom can only be that the instrument is payable to the depositor, or to her order.

We therefore hold this certificate to be negotiable, and subject to the provisions of the Negotiable Instrument Act. This seems in line with the majority holdings as announced in L. R. A., 1918C, 689, 698 and 699, in the case of *Easley* v. *East Tennessee National Bank* (also reported in 138 Tenn., 369, 198 S. W., 66), the cases therein cited, and the note thereto.

To the same effect, although not decided under the Negotiable Instrument Act, see *Forrest* v. *Safety Banking & Trust Co.*, (C. C.), 174 F., 345, and *Cuyahoga Steam Furnace Co.* v. *Lewis,* 1 Cleve. L. Rec., 15, 4 Dec. Rep., 17. See, also, Brannan's Negotiable Instruments (4th Ed.), page 21.

It is apparent that the administrator sought no means of redress by an independent action, but waited until the plaintiff had commenced her action at law, and that he then sought by interposition to obtain relief by cross-petition on equitable grounds,

thereby destroying the plaintiff's right to have her cause tried by a jury.

We recognize that, where an equitable cause of action is set forth in a cross-petition, and affirmative relief is prayed for, if granted, the plaintiff's cause of action must necessarily fail; it is the duty of the trial court to first hear the equitable issue. This rule has in many instances been applied in this state; for example, where a cross-petition prays for a reformation for fraud or mutual mistake in the instrument sued upon by the plaintiff.

An examination of the cross-petition herein discloses that nowhere therein is it alleged that the relief sought is anticipatory of a future wrongdoing by the plaintiff with reference to the certificate, and a preventive remedy is not desired. The cross-petition alleges that the instrument was never indorsed, and was never delivered, and that the indorsement was a forgery. There can be no question that the first two are purely legal defenses, and we believe that the question of forgery, under the allegations of the cross-petition, is purely legal.

The Negotiable Instruments Act in Section 8128 of the Code further provides: "When a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative. No right to retain the instrument, give a discharge therefor, or to enforce its payment against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

Forgery is, therefore, as in this case, a legal defense available as against the plaintiff, or any other

who might thereafter acquire possession of the instrument by virtue of a forged endorsement, and this is true even in the hands of a *bona fide* holder in due course. Such was the principle announced in *Erickson* v. *First National Bank of Oakland*, 44 Neb., 622, 62 N. W., 1078, 28 L. R. A., 577, 48 Am. St. Rep., 753. See, also, Joyce Defenses to Commercial Paper (2d Ed.), Section 196.

It is well stated in 4 Ruling Case Law, page 498, Section 11: "In cases where the instrument is on its face valid, and especially if negotiable, the jurisdiction of the court is founded on the principle which underlies bills *quia timet*." This rule has been followed in this state in the case of *Quebec Bank of Toronto* v. *Weyand & Jung*, 30 Ohio St., 126, 130, wherein, among other pertinent statements, the court said: "The general rule in such cases undoubtedly is, that where a party has a complete defense at law, he can not resort to equity."

The administrator, in this instance, had a jury determined the issues in his favor, would have been as fully protected from any further molestation as he would have been by an order of cancellation and delivery of the instrument to him by a court of equity.

This court in the case of *Hague* v. *Executors of Estate of Hague,* 11 C. C. (N. S.), 406, 20 C. D., 628, held, as we now hold with reference to this cross-petition, that whether an action is one in law or equity is not to be determined by the pleader's conclusions, or the prayer of the cross-petition, but by a consideration of whether, from the facts pleaded, any relief is necessary other than a judgment for money; and it is the conclusion of this court that the

cross-petition is, in fact, no more than a part of the answer.

The Ninth Appellate District, in the recent case of *Gowdy* v. *Roberts,* 31 Ohio App., 33, 166 N. E., 141, 142, citing *Bank* v. *Weyand, supra,* says: ''No interposition of a court of equity was necessary to give the defendant the full benefit of the facts pleaded in his answer, by way of defense, and therefore no affirmative relief by way of cross-demand was really prayed for in the answer.'' See, also, *Rothman* v. *Engel,* 97 Ohio St., 77, 81, 82, 119 N. E., 250.

The case of *Vannatta* v. *Lindley,* 198 Ill., 40, 64 N. E., 735, 92 Am. St. Rep., 270, is likewise in point, in that it is therein held that equity will not interfere in a suit upon commercial paper to order its return and cancellation for fraud and forgery.

On the feature of this case pertaining to the administrator's right to possession of the instrument, this court can only answer the administrator's contention adversely, for the reason that he has an adequate remedy at law. Equity will only intervene and supersede in a law action when the pleadings disclose that legal relief is inadequate to afford the affirmative remedy sought and required to forestall an unconscionable wrong.

We believe the rule announced in 6 Cyc., 293, relating to nonnegotiable paper, is applicable to the case at bar: ''As a general rule, sustained by a preponderance of authority, a suit will not be sustained to cancel a non-negotiable instrument, to which a defense may be made in an action at law thereon, unless some substantial reason is assigned showing that the defense at law is an insufficient protection.

This is especially true where an action at law upon the instrument is actually pending.''

Another reason suggests itself to us why this cause is one at law and not a proper case for equitable intervention. Section 8157 of the Code provides for an additional legal safeguard to the rights of the defendant administrator. This section of the Negotiable Instruments Act provides that a holder in due course, to be such, must have become the holder of the instrument before it was overdue. Now, the certificate of deposit in question shows upon its face that it is long past due, and that interest has never been paid thereon, and that the instrument has long since ceased to bear interest. Surely, one who procured it from the plaintiff would be held to be advised that he took it subject to the equities and all available defenses existing against it. Hence, for this reason, a future wrongful negotiation of this certificate to another by the plaintiff could not have harmed the defendant administrator, for he would have had an adequate remedy at law. The certificate became due and payable one year after the date of its issue, and thereafter it was payable upon demand, and, not having been negotiated by the plaintiff within a reasonable time, a future holder thereof could not be a holder in due course. This rule finds support in the case of *Easley* v. *Bank, supra.*

We therefore conclude that it was unnecessary in this action to seek equitable relief, and that the application of legal remedies would have fully protected the interests of the defendant administrator; and that the court, had a jury found the issues in

favor of the estate, could have made and entered all necessary orders therein.

It is therefore the judgment of this court that the trial court erred in its refusal to submit the issues raised by the pleadings to a jury, and that the plaintiff was thereby deprived of her constitutional right of a trial by jury, and it must follow that the judgment below should be, and the same hereby is, reversed, and the cause remanded for further proceedings in accordance herewith.

*Judgment reversed and cause remanded.*

LEMERT, P. J., concurs.
HOUCK, J., not participating.