## BLAIR v PAYER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16691. Decided May 22, 1939

Harrison & Marshman, Cleveland, for Cora B. Blair.

Joseph L. Stern, Cleveland, and Payer, Corrigan, Bleiweiss & Cook, Cleveland, for Harry F. Payer.

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, for Frank W. Stanton.

## OPINION

By HAMILTON, PJ.

The question will be considered as an appeal on questions of law. There is a bill of exceptions filed in the case.

Plaintiff, Cora B. Blair, appellant here, brought an action against the defendants, Harry F. Payer and Frank W. Stanton, on a simple promissory note, executed on October 26th, 1929, payable to the order of R. G. Dunning, for the sum of $20,000.00, payable five years after date, with interest at the rate of six per cent per annum. The note was secured by mortgage of even date, on certain property described. The note was signed by Harry F. Payer and Frank W. Stanton.

The note was endorsed:

"Pay to Cora B. Blair, without recourse on me.
          (Signed)   R. G. Dunning."

There are also some endorsements of payments of interest.

The action is set forth in the second amended petition, and in the prayer thereof, the plaintiff prays for judgment against the defendants in the sum of $20,000.00, with interest.

The defendant, Stanton filed his answer admitting liability on the note, as alleged.

Defendant Payer filed an amended answer, in which in the first defense, he denies that the plaintiff was the owner of the note; denies that all credits for payments on said note appear on the alleged copy of the note pleaded by plaintiff; and denies that he is indebted to plaintiff in any sum whatsoever.

The indorser, R. G. Dunning was made a party in the case.

In the second defense, Payer sets up what he calls a counter-claim and cross-petition, in which he charges the plaintiff and the defendant, Stanton, together with Dunning, with fraud and false representations in procuring his signature to the note; charges collusion, conspiracy, and fraudulent scheme on the part of the plaintiff and defendants, and sets up in detail what he claims to constitute fraud and conspiracy, and sets up a mortgage given to secure the notes, which mortgage he claims was also procured by fraud, setting up details constituting what he designates as fraud and misrepresentation, and asks for damages in the sum of $14,536.31.

In the second cause of action, in what he designates his cross-petition, he asks a cancellation of the note and mortgage, and a release of the cross-petitioner from all liability thereon, and that the mortgage given to secure the note be also cancelled, on the same ground on which he seeks cancellation of the note.

When the case was called for trial, the plaintiff and Stanton demanded a jury, to which they were entitled if the action was an action at law, and not in chancery. The trial court overruled their demand for a jury, over their objection, and proceeded to hear the case as one in chancery and triable to the court without a jury.

If the plaintiff and the defendant Stanton were entitled to trial by jury as a law case, the ruling of the court in denying the right of trial by jury was reversible error.

The plaintiff's second amended petition state a law action, pure and simple, in that it is a suit on a promissory note for money only. True, some of the defenses sound in equity, but that could not change the plaintiff's law suit from an action at law to one in chancery. The statute permits the filing of equitable defenses, but does not ipso facto change the law suit from one in law to one in equity.

The answer and the so-called cross-petition in the last anaylsis does but constitute an equitable defense to the main action, which was at law.

The pleadings bring the case within the case of **Quebec Bank of Toronto, etc. v Weyand & Jung, 30 Oh St 126**, which case was approved in **Patterson v Volmar, 131 Oh St 48.**

Our conclusion is, that the answer sets up equitable derenses in a law case, but this would not deprive the plaintiff in her law action of a trial by jury.

Under these considerations and on authority of Quebec Bank of Toronto, etc. v Weyand & Jung, supra, the judgment is reversed, and the cause is remanded to the Court of Common Pleas of Cuyahoga County, for further proceedings according to law.

Also see: Equitable Life Association v Brown, 213 U. S. 25; **Complete Building Show Co. v Albertson, 99 Oh St 11; Reed's Admr. v Reed, et, 25 Oh St 422; Rothman v Engel, 97 Oh St 77; Gowdy v Roberts, 31 Oh Ap 33.**

This conclusion renders it unnecessary for this court to pass upon any other errors, which would, necessarily be based upon an invalid trial.

Judgment reversed and cause remanded.

MATTHEWS & ROSS, JJ., concur.