.Jacobs, Exr., Appellee, *v.* Jacobs, Appellant, et al.

(No. 972—Decided September 29, 1944.)

Mr. *William P. Moloney, Messrs. Moloney & Kelly* and Mr. *Paul D. Smith,* for appellee.

Mr. *John H. Clark* and Mr. *J. D. Williamson,* for appellant.

By the Court. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Marion county in an action therein wherein the appellee, Edward Jacobs as executor of the last will and testament of George Jacobs, deceased, was plaintiff, and the appellant, Dora Jacobs, was one of the defendants.

This action was instituted by the plaintiff for authority to sell certain real estate of his decedent to pay debts.

The cause is submitted to this court on motion of plaintiff to dismiss the appeal of defendant Dora Jacobs on questions of law and fact.

The pleading filed by defendant Dora Jacobs to the plaintiff's first amended petition, although designated as an answer, is both an answer and cross-petition, and the cross-demand stated therein constitutes an equitable cause of action for foreclosure of a mortgage securing the payment of a note of decedent, on which a separate action might have been maintained.

The prayer of the answer which, as above mentioned, constitutes a cross-petition is for a finding of the amount due on the note, and that the mortgage lien securing the payment of the same is a first and best lien on the real estate sought to be sold. The prayer asks that the defendant have equitable relief, and that the real estate be sold to pay the debts of decedent, including the mortgage indebtedness of defendant. Judgment for the amount found due on the note is not asked in the prayer.

The pleading filed by the plaintiff to the answer and cross-petition of defendant Dora Jacobs, although designated a reply, constitutes an answer to the cross-petition.

The cross-petition in the instant case differs from the petitions in the cases of *Gowdy* v. *Roberts*, 31 Ohio App., 33, 166 N. E., 141, and *Cleveland Liberty Bank* v. *Wanda Bldg. Co.*, 33 Ohio App., 548, 170 N. E., 38, in that it pleads a single cause of action which is essentially equitable in its nature (27 Ohio Jurisprudence, 594, Section 384), and does not plead a cause of action at law and one in equity, as the petitions do in the cases mentioned.

The nature of the cross-demand, constituting an equitable cause of action, pleaded in the cross-peti-

tion is not changed in any way by the allegations of the answer thereto which, as above mentioned, is designated a reply.

"* * * while an equitable defense merely will not affect the mode of trial or right of appeal, yet an equitable cross-demand set forth by a defendant in a cross-petition upon which he asks affirmative relief, will draw to itself the mode of trial appropriate to such cause of action, and give the same right of appeal as it would do if set forth in a petition by the plaintiff in an action." *Gill* v. *Pelkey,* 54 Ohio St., 348, 361, 43 N. E., 991. See, also, *Lust* v. *Farmers' Bank & Savings Co.,* 114 Ohio St., 312, 151 N. E., 189.

As the cross-demand set forth by defendant Dora Jacobs in her cross-petition is purely equitable in its nature and as she asked affirmative relief upon such cross-demand, such cross-demand instituted a chancery case triable as such, and the defendant Dora Jacobs is entitled to appeal on questions of law and fact from the judgment rendered on her cross-demand.

The motion to dismiss the appeal on questions of law and fact is therefore overruled.

*Motion overruled.*

Guernsey, P. J., Jackson and Middleton, JJ., concur.