BOSWELL, APPELLEE, *v.* RUPPERT, APPELLANT.

(No. 207—Decided May 27, 1961.)

*Messrs. Gardner & Acton* and *Mr. Edward S. Noble*, for appellee.

*Mr. Dan C. McKeever*, for appellant.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas.

Plaintiff alleges in his petition that he and the defendant entered into an agreement on November 7, 1959, by the terms

of which plaintiff agreed to sell to defendant a certain lot of postage stamps for collection purposes, consisting of various issues from various countries, in consideration for which defendant agreed to pay the plaintiff $10,000; and that pursuant to the agreement plaintiff executed a bill of sale conveying such stamps, which provided that the purchase price of $10,000 was to be paid as follows: $7,500 down, $500 in 30 days, $1,000 on January 2, 1960, and $1,000 on February 2, 1960. Plaintiff claims further in his petition that on November 7, 1959, he performed all his duties and obligations under the contract by giving to the defendant the lot of stamps sold; that defendant received and accepted them; that defendant paid plaintiff the sum of $7,000 and issued to the plaintiff four postdated checks as follows: one check in the sum of $500 dated November 12, 1959, one check in the sum of $500 dated December 5, 1959, one check in the sum of $1,000 dated January 2, 1960, and one check in the sum of $1,000 dated February 2, 1960; that defendant on or about November 14, 1959, stopped payment on the $500 check dated November 12, 1959, and notified plaintiff in writing that he had stopped payment on all checks made payable to plaintiff on and after November 12, 1959; that defendant notified plaintiff in writing that he would not perform and did not intend to perform the contract and has, since receipt of such notice, failed and refused to perform the contract; that by virtue of such notice the defendant has repudiated and breached the contract and plaintiff elects to treat the defendant's repudiation as a breach of the contract; and that there is due from the defendant the sum of $3,000 which the plaintiff claims as damages resulting from defendant's breach of the contract.

The defendant by his answer admits that he entered into an oral contract with the plaintiff for the purchase of a lot of postage stamps for collection purposes; and that the contract was executed in part by the delivery of the postage stamps to the defendant and the payment of $7,000 in cash and $3,000 in postdated checks, the payment of which was later stopped by the defendant. The defendant by his answer denies that the plaintiff performed all his duties and obligations under the contract and denies that he notified plaintiff in writing that he did not perform and did not intend to perform the contract, but states that he is ready and willing to perform the contract ac-

cording to the terms and tenor thereof. The defendant denies all allegations of the petition not expressly admitted to be true.

The defendant by way of cross-petition states that, prior to his entering into negotiation with the plaintiff for the sale of the postage stamps and before the final contract of purchase was entered into, the plaintiff submitted a written inventory of the Korean issues contained in the lot of postage stamps; that the Korean issues constituted two-thirds of the total value of the entire lot; that the inventory was submitted by the plaintiff to induce the defendant to purchase the stamps; that the same was relied upon and believed by defendant and by reason thereof he purchased the property; and that the representations contained in the inventory were false and known by plaintiff to be false. Defendant alleges further that he was wholly ignorant of the actual contents of the property and had no means of knowing such contents; that immediately upon discovery of the deficiencies he tendered the property back to plaintiff and informed him that the defendant had stopped payment on the postdated checks; and that, by reason of the deficiency in the lot of stamps and the effect on the saleability and value of such property, the defendant has sustained damages in the sum of $1,000. Defendant prays for judgment in the sum of $1,000, for a court order rescinding the contract and for punitive damages and costs of suit.

Plaintiff for reply to defendant's answer and amended cross-petition denies all allegations of the defendant's answer which do not admit the allegations contained in plaintiff's petition. For answer to defendant's cross-petition, the plaintiff states that prior to entering into the contract of purchase plaintiff at defendant's request sent to the defendant a written list of Korean issues for what the defendant termed "advanced study" solely to familiarize the defendant with the general content of that part of the entire lot and for no other purpose; and and that at no time did plaintiff represent that the Korean stamps to be included in the sale to the defendant would conform in detail to such list. The plaintiff further answering the amended cross-petition denies that the defendant was ignorant of the contents of the stamp lot which he purchased and specifically avers that the defendant examined the lot on November 7, 1959, at his place of business prior to entering into

the contract of sale; and that upon completion of such examination defendant offered to pay the plaintiff $10,000 for the entire lot, which offer the plaintiff accepted, and a bill of sale without reference to quantity or detail was executed by plaintiff and accepted by defendant.

This case was heard by the court without the intervention of a jury, and at the conclusion of the trial the court rendered judgment for the plaintiff on his petition and also for the plaintiff on defendant's cross-petition. From that judgment, appeal was taken to this court.

The defendant assigns errors as follows:

"1. The decision and judgment of the trial court is not supported by sufficient evidence and is contrary to the weight of the evidence.

"2. The trial court erred in refusing to grant defendant his constitutional right to a trial by jury.

"3. The court erred in overruling appellant's motion for new trial."

At the outset of the hearing in the trial court, the question was raised as to whether the action is one to be tried as an action at law to a jury or as an action in equity to the court, plaintiff advancing the view that the injection of a purely equitable defense by the defendant gives the court equity jurisdiction to dispose of all issues raised by the pleadings. Defendant contends that the petition filed by the plaintiff instituted an action for money only and triable to a jury as an action at law; that the defendant's cross-petition instituted a separate action seeking equitable relief to be tried to the court; that the equitable issue raised by the cross-petition should be first heard by the court; and that a trial of the issue raised by plaintiff's petition should await the determination by the court of the equitable cause of action set forth in the cross-petition. The trial court ruled that the plaintiff's petition instituted an equitable action for specific performance of a contract and, the cross-petition also seeking equitable relief, the case would be heard by the court and not by a jury. The trial proceeded with the plaintiff presenting evidence in the support of his petition and the defendant then presenting his evidence in support of his answer and cross-petition.

The plaintiff's petition sets forth a claim for money only. In his petition the plaintiff states that "the defendant has re-

pudiated and breached said contract and the plaintiff elects to treat the defendant's repudiation as a breach of contract. There is now due and owing to plaintiff under said contract from the defendant the sum of $3,000, which sum the plaintiff claims as damages resulting directly and proximately from defendant's breach of contract as aforesaid.''

The plaintiff does not seek any equitable relief by his petition. The fact that the amount claimed as damages for breach of contract is the same amount due under the contract does not change the action from one for money only to one for specific performance of the contract.

The issue raised by the petition and answer presents solely an action at law, and the defendant was entitled to a jury trial.

'' 'But an action for the recovery of money as a debt or as damages is essentially an action at law and cannot be converted into a suit in equity by the mere use of words and phrases usually found only in pleadings in equitable actions, no matter how often repeated nor the extent of variation of such allegations. The essential and material averments of the petition will be scrutinized, and the pleadings, stripped of all surplus and immaterial statements, examined to ascertain the essential character of the action.' '' *Frederickson* v. *Nye*, 110 Ohio St., 459.

We believe it will not be questioned that plaintiff's petition states an action at law pure and simple, and the parties are entitled to a trial by jury unless the equitable defense set up in defendant's cross-petition changes the action to one in equity.

In the case of *Blair* v. *Payer*, 63 Ohio App., 29, the plaintiff brought an action against the defendants on a simple promissory note. The note was secured by a mortgage on certain property described, and in the prayer plaintiff asked judgment against defendants for the amount set out with interest. The defendant Payer by way of counter claim and a so-called cross-petition set up the claim that the plaintiff with fraud and false representation procured his signature to the note, and such defendant charged collusion, conspiracy and fraudulent scheme on the part of the plaintiff and other defendants. The cross-petition contained in detail what such defendant claimed constituted fraud and conspiracy and asked for cancellation of the note and mortgage and for damages.

The court concluded that the fact that equitable defenses were set up by such defendant did not change the action to one in equity. Appeals of that cause were dismissed by the Supreme Court (136 Ohio St., 48).

"* * * But if new matter set up in the answer constitutes an equitable cause of action, which, if established, will extinguish or supersede the case made in the petition, the issues taken on such new matter are triable by the court, and not as of right by a jury. And this is true whether issue is taken on the averments of the petition or not. In such case the trial of the legal cause is suspended until the equitable defense is determined. If issue is taken on the averments of the petition in such a case, the materiality of such issue will depend upon the result of the trial of the equitable case made by the defendant. If the equitable case is established, the decree will end the controversy and settle the rights of the parties; but if the defendant fails in his equitable case, the issues raised on the petition must be disposed of before the case can pass to final judgment." 32 Ohio Jurisprudence (2d), 608, Jury, Section 17.

In the case of *Felton* v. *Commercial National Bank,* 39 Ohio App., 24, Judge Sherick stated in his opinion that "we recognize that, where an equitable cause of action is set forth in a cross-petition, and affirmative relief is prayed for, if granted, the plaintiff's cause of action must necessarily fail; it is the duty of the trial court to first hear the equitable issue."

In *Massie* v. *Stradford,* 17 Ohio St., 596, 597, in ruling upon a motion to dismiss the appeal, Judge White stated:

"1. That the controversy arising on the cross-petition was purely equitable, and from a decree rendered against the plaintiff he could appeal, and that the case was not one for second trial.

"2. The issues as to the trespass should be stayed till the case made on the cross-petition be determined. If the case thus made should finally be decided against the original plaintiff, the whole case would be ended; if decided in his favor, the appellate court would remit the parties to the common pleas for the trial of the issues as to the trespass, or retain the case for final determination, as the rights of the parties might require."

In *Buckner* v. *Mear,* 26 Ohio St., 514, the court held:

"1. Although a plaintiff's cause of action may be triable by jury, yet where new matter set up in the answer constitutes an equitable cause of action, which, if established, will extinguish or supersede the case made in the petition, the issues taken on such new matter are triable by the court, and not as of right by a jury. And this is so whether issue is taken on the averments of the petition or not.

"2. If issue is taken on the averments of the petition, the materiality of such issue will depend upon the result of the trial of the equitable case made by the defendant. If the equitable case is established, the decree will end the controversy and settle the rights of the parties. But if the defendant fails in his equitable case, the issues raised on the petition must be disposed of before the case can pass to final judgment."

Here, it is the finding of the court that defendant's cross-petition raised equitable issues to be first heard by the trial court; that plaintiff's petition instituted an action at law for money only and triable to a jury; that trial of plaintiff's claim upon his petition must await the determination by the trial court of the equitable issues set forth by defendant's cross-petition; that defendant is entitled to a trial by a jury on the issue raised by plaintiff's petition and defendant's answer. It is also the finding of the court that, having found against the defendant upon his cross-petition, the trial court should have submitted to a jury the issue raised by plaintiff's petition and defendant's answer.

The trial court in denying to defendant his legal right to a trial by a jury of the issue raised by plaintiff's petition committed prejudicial error, which requires a reversal of the money judgment entered for the plaintiff upon his petition.

Defendant's first assigned error that the judgment of the trial court is not supported by sufficient evidence and is contrary to the weight of the evidence is not well taken and is overruled. The court finds prejudicial error of the trial court in overruling defendant's motion for a new trial upon the issues raised by plaintiff's petition and defendant's answer.

The judgment so far as it awards to the plaintiff a money judgment and interest is reversed and the judgment so far as it is for the plaintiff and against the defendant on defendant's

cross-petition is affirmed, and the cause is remanded to the trial court for trial and further proceedings upon the issue raised by plaintiff's petition and defendant's answer.

*Judgment accordingly.*

GUERNSEY, P. J., and YOUNGER, J., concur.