# Staunton.

JOHNSTON AND GROMMETT BROS. V. BUNN AND MONTEIRO.

September 10, 1908.

Absent, Keith, P.

1. EQUITY JURISDICTION—*Bill to Enforce Mechanic's Lien—Failure to Establish Lien—Personal Decree.*—Upon a bill filed by a sub-contractor against the owner and the general contractor and his assignee, in good faith asking to enforce a mechanic's lien, and for a personal decree against the owner and general contractor for such sums as they may appear to have owed the assignee at the dates that they respectively, received notice of complainants' mechanic's lien, and for general relief, the court may proceed to give judgment in favor of such sub-contractor against the assignee of the general contractor for the amount found due from such assignee to the sub-contractor, although he may fail to establish his mechanic's lien. The right of the sub-contractor to recover of the assignee does not depend upon his right to a mechanic's lien, and, when a court of equity has once acquired jurisdiction of a cause on equitable grounds it may go on to complete adjudication, even to the extent of establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority.

2. CONTRACTS—*Engineer's Estimates—Pre-Requisites to Suit—Fraud or Mistake.*—When a contract provides that the engineer in charge of work shall certify in writing its final completion, together with a final estimate showing the balance due, and that the procuring such certificate and final estimate shall constitute a condition precedent to any right of action by the contractor against the owner, a suit by the contractor to recover a balance claimed to be due under the contract without notice to such engineer that the work has been completed and without any request for such certificate and estimate, is premature. The suit cannot be maintained when based upon estimates of engineers who are strangers to the transaction. If the conduct of the engineer designated by the contract is fradulent, or he has been guilty of a mistake so gross as to amount to a fraud on

the rights of the opposite party, the latter is not bound by his estimates, but may maintain an action on the contract to recover the amount due, but where no such conditions exist the parties are bound by the terms of their contract.

Appeal from a decree of the Circuit Court of Wise county. Decree for complainants. Defendants appeal.

*Reversed.*

The opinion states the case.

*Flannigan & Burnett* and *Irvine & Morison,* for the appellants.

*W. S. Mathews,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by the appellees to enforce payment of a mechanic's lien, alleged to be due them as sub-contractors for work done in constructing a section of the Black Mountain Railroad.

It appears that the Keokee Coal and Coke Company, as general contractors, entered into a contract with the Black Mountain Railroad Company to build for the latter a railroad, several miles in length, between Imboden, in Wise county, and Keokee, in Lee county. The Keokee Coal and Coke Company sub-let its entire undertaking, by contract in writing, to the firm of Johnston & Grommett Brothers, the appellants, who in turn, by parol contract, sub-let a part of the work to the appellees, Bunn & Monteiro. The evidence shows that under this parol contract the appellees were to be governed by the written contract which had ben entered into by the appellants with the Keokee Coal and Coke Company.

The Black Mountain Railroad Company, the Keokee Coal and Coke Company, and Johnston & Grommett Brothers were made parties defendant to the bill, which alleged that complain-

ants had completed their contract and taken out a mechanic's
lien for the balance due them on that portion of the roadbed
which they had constructed, and prayed that the Black Moun-
tain Railroad Company and the Keokee Coal and Coke Com-
pany, be required to answer as to the amount they were due,
or would become due, to Johnson & Grommett Brothers, by
reason of the latter's completion of their contract for the con-
struction of the railroad mentioned. The prayer, further, is
that complainants, who are the appellees here, be decreed a
lien on that part of the Black Mountain roadbed which was
constructed by them between stations 834 and 856, described
in their mechanic's lien, which was made a part of the bill;
and that they be decreed a sale of the same for the payment of
their debt, and be given a personal judgment against the Black
Mountain Railroad Company and the Keokee Coal and Coke
Company for such sums as they may appear to have owed John-
ston & Grommett Bros., on the date they, respectively, re-
ceived notice of the complainants' mechanic's lien; and for
general relief.

Upon the bill, the answers, which deny its allegations, and
the evidence in the cause, the decree appealed from was ren-
dered, giving a personal judgment for $2,203.21, subject to
a credit of $522.15 and costs of suit, against the appellants,
Johnston & Grommett Bros., with the right to issue execution
thereon. The decree then refers the cause to a commissioner
to ascertain whether the Black Mountain Railroad Company
and the Keokee Coal and Coke Company, are liable to the
complainants by reason of the filing of their mechanic's lien,
and, if so, in what amount.

We are of opinion that the position taken by appellants, that
the court was without jurisdiction to enter the judgment com-
plained of, is not tenable. The appellants contend, that the
only ground for equitable jurisdiction in this case is that the
complainants have a mechanic's lien to be enforced; and that
the record fails to show that there is any such indebtedness on

the part of the owner of the railroad in question to any of the contractors as would give the complainants the right to a mechanic's lien; that the decre which gives judgment in favor of the appellees does not hold that a lien exists, but appoints a commissioner to take evidence and report whether the Black Mountain Railroad Company owes the Keokee Coal and Coke Company anything, or whether the latter company owes the appellants anything; and that the court is without jurisdiction to enter a personal decree until it has gone far enough to ascertain and decree that a lien exists.

The right of Bunn & Monteiro, the appellees, to recover from the appellants, with whom they contracted, does not depend upon the right of the former to a mechanic's lien. If the fact was properly established by the record, that the appellants were indebted to the appellees, a personal decree against the appellants for such indebtedness could be rendered, although the right to a mechanic's lien had not then been established. This was a *bona fide* proceeding in equity to enforce the mechanic's lien alleged in favor of the appellees. It may turn out when the evidence is taken that the complainants in the bill are not entitled to a lien upon the section of the railroad bed in question; but if it appears that the complainants are entitled to recover from the appellants, the court can proceed to give judgment in their favor for the amount due, although they may have failed to establish their right to a lien; it being well settled that, when a court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority. *Walters* v. *Bank,* 76 Va. 12; *Penn* v. *Ingles,* 82 Va. 65; *Beecher* v. *Lewis,* 84 Va. 632, 6 S. E. 367; *Grubb* v. *Starkey,* 90 Va. 834, 20 S. E. 784.

We are, however, further of opinion that it was, as contended, premature to enter the personal decree complained of, in favor of the appellees against the appellants.

The evidence satisfactorily shows that, except in two or three particulars, not material in this connection, the contract between the appellants and the appellees was, that the appellees were to be bound by the written contract entered into between the appellants and the Keokee Coal and Coke Company. That contract sets forth in detail all the terms and conditions of the undertaking by the parties. During the progress of the work, which was to be done between December 20, 1906, the date of the contract, and May 1, 1907, the chief engineer of the railway company, therein agreed upon, was to make monthly estimates of the work done as the basis for payment of the amount due. Clause 21 of the contract provides, that whenever in the opinion of the chief engineer the contract shall have been completely performed, he shall make and return a final estimate of the work done by contractors, and shall certify the same in writing. It further provides, that the procuring of such certificate and final estimate shall constitute a condition precedent to any right of action by contractors against the Keokee Coal and Coke Company.

The evidence shows that during the progress of the work the monthly estimates were made and the appellees paid in accordance therewith, but it clearly appears that no final estimate upon the work done by the appellees has ever been made by the chief engineer. Indeed, it is insisted that the work undertaken by the appellees has not been completed. Nor does it appear that appellees have ever mentioned to the chief engineer their claim that the work was completed, or requested of him a certificate in writing showing a final estimate and the balance, if any, due to them. The basis of the personal decree against the appellants is admitted to be a final estimate upon the work done by appellees, made by engineers who were strangers to the transaction, and employed for the purpose by appellees without the knowledge or consent of the appellants. The evidence shows that in the nature of things these outside engineers could not make an accurate or reliable estimate showing the balance due

upon an undertaking they had previously had no connection with; and that in some particulars their estimates would be, necessarily, the result of mere conjecture.

A sufficient answer, however, to this proceeding by appellees is that it violates the express terms of the contract by which they agreed to abide. That contract provides that the engineer in charge of the work shall certify in writing its final completion, together with a final estimate showing the balance due. It was error to ignore, without cause, this final arbiter agreed upon in the contract and adopt the uncertain and arbitrary standard of measurements and estimates furnished by strangers employed by one of the parties to the contract without the consent of the other. There is not shown to have been in this case any unnecessary or unreasonable delay by the engineer in charge in making estimates; nor does there appear to have been any other ground for the course pursued by appellees in employing other engineers to perform the duties they had agreed should be discharged by the chief engineer of the Black Mountain Railroad Company. If the conduct of the engineer designated by the contract was fraudulent, or he was guilty of a mistake so gross as to amount to a fraud on the rights of the opposing party, the latter would not be bound by such estimates, but could maintain their action on the contract to recover the amount due them. *N. & W. Ry. Co.* v. *Mills & Fairfax,* 91 Va. 613, 22 S. E. 556. No such condition, however, appears in this record. On the contrary, the appellees have obtained a decree based upon final estimates made, without apparent cause therefor, by strangers to their contract, and in violation of its express terms.

We are of opinion that the order of reference made in the cause should be enlarged, so as to require the commissioner, in addition to the other inquiries directed, to ascertain and report whether the appellees had completed their work in accordance with the terms of their contract, and, if so, what balance, if any, was due them from the appellants.

The decree appealed from must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*