Allen, J.
 

 The controlling question to be determined herein is whether or not the Court of Appeals erred in dismissing the appeal from the court of common pleas, on the ground that the case was not appealable by reason of the fact that there was no transcript of the evidence nor bill of exceptions taken before the referee on file in the appellate court.
 

 Two major points arise in the consideration of
 
 *558
 
 this question: The first is whether the present action is a chancery case and in its nature appeal-able. The second is whether an action loses its chancery nature by reason of a rule of the Court of Appeals requiring that cases be tried upon a transcript of the evidence admitted in the court below, supplemented by oral testimony.
 

 Looking to the pleadings, we find that the original action prayed the cancellation of a promissory note for $1,500, an injunction to prevent the defendant from negotiating or transferring the note, and from exercising any control over the moneys or property belonging to the business, and the recovery of the sum of $251.10. If the application for a money judgment is incidental and the application for injunction and cancellation is the main relief sought, the plaintiff’s case is a chancery case. However, as injunction and -cancellation of evidences of debt are often sought as ancillary, instead of main, relief, there is considerable doubt whether the petition states a chancery case. The money judgment prayed for seems to be the main purpose of action.
 

 However, the cross-petition filed by the defendant, in which he alleges the existence of a partnership, asks in substance for an accounting, and prays for reformation of the bill of sale on the ground of mutual mistake.
 

 This cross-petition is clearly equitable, and establishes equitable jurisdiction. Where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same trans
 
 *559
 
 actions or subject-matter.
 
 Frank
 
 v.
 
 Davis,
 
 135 N. Y., 275, 31 N. E., 1100, 17 L. R. A., 306, Under such circumstances a court of equity may go on to complete adjudication, even establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority.
 
 Johnston & Grommett Bros,
 
 v.
 
 Bunn & Monteiro,
 
 108 Va., 490, 62 S. E., 341, 19 L. R. A. (N, S.), 1064, The same rule is laid down in Ohio.
 
 Gants
 
 v.
 
 Gease, Gdn.,
 
 82 Ohio St., 34, 91 N. E., 872.
 

 The present action, therefore, is of a chancery nature and appealable.
 

 The Court of Appeals, however, held that the' action was not appealable, on the ground that “no transcript of the evidence or bill of exceptions taken before the referee” was on file in that court, and the record does indeed show that no bill of exceptions was taken upon the hearing before the referee and that no transcript of the evidence upon the hearing was filed.
 

 We come, therefore, to the second and controlling question in the case, which is whether the fact that no transcript of evidence nor bill of exceptions has been filed in the Court of Appeals in a chancery case justifies the court in dismissing the appeal. Defendant in error urges that the dismissal of the appeal is justified under Eule 16 of the Court of Appeals, which reads:
 

 “It is hereby ordered by the Court of Appeals that all cases coming into said Court of Appeals shall be tried on a transcript of the evidence presented in the court of common pleas supplemented by such additional oral evidence as may be neces
 
 *560
 
 sary to fully and fairly present the same to the Court of Appeals, which transcript of testimony shall be filed in the office of the clerk of courts at least fifteen days before the commencement of the ensuing term of the Court of Appeals, the costs of which transcript shall be paid by the party ordering the same and shall be taxed the same as a bill of exceptions.
 

 “And on default of such transcript, a referee to hear the testimony of witnesses and report the same to the court may be appointed, as provided by statute.”
 

 Presumably the Court of Appeals dismissed the appeal in reliance upon this rule. The record shows no other reason for the action taken.
 

 This court, however, has lately held that this rule of the Court of Appeals, which has considerable basis in convenience, does not and cannot abrogate the law of the state with regard to trials on appeal.
 
 Toledo & Ohio Central Ry. Co.
 
 v.
 
 Village of Hartford,
 
 101 Ohio St., 520, 130 N. E., 942. In that case this court made the following entry:
 

 "
 
 The court finds that the Court of Appeals erred in the admission of the transcript of testimony taken in a former hearing of the cause under the circumstances and within the limitations laid down by the court as shown by the record. It is therefore ordered and adjudged by this court that the judgment of the Court of Appeals be, and the same is hereby, reversed, and it is further ordered and adjudged that this cause be, and the same is hereby, remanded to the Court of Appeals with instructions to proceed with the trial of the cause
 
 de novo,
 
 the parties being permitted to introduce in evi
 
 *561
 
 deuce relevant testimony under the legal rules applicable in the trial of questions of fact in trial courts.
 

 “Judgment reversed and cause remanded.”
 

 In the
 
 Hartford case
 
 certain other legal questions were raised, but one of the points upon which • reversal of the judgment of the Court of Appeals was granted was that counsel for appellants, on, appeal in the Court of Appeals, objected to the introduction of a transcript of the testimony in the court below. The Court of Appeals accepted the transcript as offered in evidence, over the objection of counsel for plaintiffs. Judgment was given for the appellees, and the appellants prosecuted error to the Supreme Court upon the ground, among others, that the appellants in the Court of Appeals had a right to have their case tried
 
 de novo,
 
 in like manner as if the case had never been tried before, and on its merits. This court sustained that contention.
 

 The Ohio rules pertaining to appeal cases differ greatly from those of other states, being determined by the Constitution and statutes peculiar to this state.
 

 Section '6, Article TV, of the Constitution of Ohio, reads as follows:
 

 “The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and
 
 appellate jurisdiction
 
 in the
 
 trial of chancery cases,
 
 and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law.”
 

 
 *562
 
 As stated in
 
 Grant
 
 v.
 
 Administrator of Ludlow,
 
 8 Ohio St., 1, 29, 31:
 

 “The best guide, perhaps the only safe guide, to determine what is the proper practice of appellate courts, is to be found in the appellate powers conferred by law, and the usages of courts under it.
 

 “Under the Constitution of 1802 the Supreme Court of Ohio could be vested with original and appellate jurisdiction. * * *
 

 “An appeal to the Supreme Court did not simply present to that court the question whether the court below erred in law or in fact, but the appeal itself vacated, without revisal, the operation of all the law decided by the court below, and all the findings of fact, by the court or jury below.
 

 “One of the peculiar features of this appellate jurisdiction was, that, unlike a writ of error, which passes upon the record, and unlike an appeal to the Supreme Court of the United States, the appeal to the Supreme Court of Ohio took up the subject-matter of the action at the point where the court below took it up, and proceeded from that point, in respect to pleadings, necessary parties in chancery, testimony, trial and judgment, in like manner as if the cause had never been tried below. * * *
 

 “Such were the incidents of appellate jurisdiction, known and practiced for more than two generations, when the Constitution of 1851 was adopted. By the provisions of this Constitution, the Supreme Court and district courts have such appellate jurisdiction as may be provided by law. What was meant by appellate jurisdiction, had
 
 *563
 
 been too well settled by legislation and practice, to need definition or interpretation. Civil actions were not to originate in the Supreme Court, or district courts; but when pending or decided in another tribunal, could be taken to and disposed of, in the appellate court, in such manner, and with such control over the pleadings, testimony, and necessary parties, as might be provided by law.”
 

 It has long been the law in Ohio that an appeal is a removal of a cause or matter from an inferior jurisdiction, after its decision, to a superior jurisdiction for retrial on its merits.
 
 City of Zanesville
 
 v.
 
 Zanesville Telegraph & Telephone Co.,
 
 64 Ohio St., 67, 83, 59 N. E., 781, 52 L. R. A., 150, 83 Am. St. Rep., 725.
 

 In
 
 Mason
 
 v.
 
 Alexander,
 
 44 Ohio St., 318, at page 328, 7 N. E., 435, at page 439, the court says:
 

 “In Ohio the appeal itself vacates, without re-visa!, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in that court. It takes up the subject of the action
 
 de novo,
 
 in respect to pleadings, necessary parties, trial and judgment,
 
 in like manner as if the canse had never been tried below.”
 

 As the appeal case is a trial
 
 de novo,
 
 even though the case below was referred to a referee, a transcript of the evidence before the referee was unnecessary. The referee’s report is vacated by the appeal, together with the judgment.
 
 Lawson
 
 v.
 
 Bissell,
 
 7 Ohio St., 129.
 

 The plaintiff’s right to have a trial
 
 de novo
 
 by
 
 *564
 
 the Court of Appeals, under the legal rules applicable to trials in a trial court, is a constitutional right which cannot be denied on the ground that there is on file in the Court of Appeals no transcript of the evidence, nor bill of exceptions, whether taken before the referee or taken in the court below.
 

 Defendant in error claims, however, that even if the Court of Appeals erred in dismissing the appeal for the reason given, its judgment was right for the reason that no appeal bond was filed in the case as required by law. The record shows that the court of common pleas fixed the amount of the appeal bond at $200, and this bond was duly filed. The judgment being for $212.94, defendant in error urges that the bond was not in double the amount of the judgment, as required by Section 12229, General Code, and that hence the appeal was rightly dismissed.
 

 The record shows, however, that upon May 15, 1923, three days before the entry of dismissal in the Court of Appeals, the plaintiff in error, who was appellant in that court, filed a motion for leave to amend his appeal bond, which motion was pending before the court at the time of the dismissal of the petition.
 

 The court had power to permit the amendment' of this bond:
 

 “If a litigant has intended to and in good faith' taken steps to file an appeal bond with the clerk of court, who approves the same, and a mistake has been made therein in any respect, whether in form or substance, Section 11363, General Code, authorizes the appellate court, in furtherance of
 
 *565
 
 justice, to permit its amendment.”
 
 Austin
 
 v.
 
 Mor
 
 ris, 103 Ohio St., 449, 134 N. E., 471.
 

 This objection is therefore untenable.
 

 For the above reasons the judgment of the Court of Appeals is reversed, and the cause remanded to the Court of Appeals, with instructions to overrule the motion to dismiss the appeal and to grant plaintiff in error a trial
 
 de novo
 
 on appeal.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur.