Marshall, C. J.
 

 This controversy originated as a proceeding for widening, deepening, and straightening a stream running through Licking and Fair-field counties, and therefore involved the interpretation and application of Ohio joint county ditch laws in Sections 6442 to 6545, inclusive, of the General Code. No question was made as to the proceedings prior to the making of assessments. Estimates of the amount to be assessed against each tract benefited by the improvement were made by the county surveyors, as provided by Sections 6455 and 6537, and in due course those assessments came before the joint session of the boards of county commissioners of the two counties, and the estimates of the county surveyors were approved and confirmed. Thereupon, by virtue of the provisions of Sections 6467, 6544, and 6545, of the General Code, appeals were perfected by certain of the property owners against whom assessments had been made, upon the ground that the assessments were not made according to benefits accruing to such appellants, and, further, that no benefits would accrue to the appellants.
 

 The appeal was heard by the judges of the courts of common pleas of Licking and Fairfield counties sitting in banc. In accordance with Section 6470, the appeals were jointly prosecuted and heard together and disposed of by a single judgment entry. Sections 6545 and 6472 provide the procedure for such an appeal. Section 6472 reads: “The court of common pleas, on appeal, shall hear the matters
 
 *228
 
 appealed to,
 
 de novo;
 
 the proceedings shall be had under the rules of law and procedure for civil cases. An appeal shall bring into the court of common pleas all the owners of land who in any way may be interested in or affected by the matter appealed. * * * And shall make such judgment, order, or decree as may be warranted by the evidence. * * * On appeal, the burden of proof shall be on the owner having the affirmative of the proposition, who shall have the opening and closing. The- court sitting as a court of equity shall bring the entire proceedings before it in order that the court may determine all the issues raised in the proceedings and enter a final judgment, order or decree for or against the improvement, petitioned for, and for or against the assessments to be levied.”
 

 Section 6473, in paragraph (6), provides: “ * *
 
 *
 
 If the court finds that the improvement is necessary and will be conducive to the public welfare, and that the cost thereof will be less than the benefits, then the court shall hear all the matters appealed, correct and confirm the assessments according to benefits and shall certify the findings to the auditor # * # >>
 

 The judgment entry of the court of common pleas recites, among other things:
 

 “"Which appeals are based upon the ground that the amount of the assessment levied by the joint board of county commissioners in this proceeding, against the lands owned by such respective appellants, are excessive and not according to the benefits and the court, having heard all the evidence offered by each of the parties and having viewed the premises and being fully advised, finds that said improve
 
 *229
 
 ment is necessary and will be conducive to the public welfare, and that tbe cost thereof will be less than the benefits, and that the assessments, as levied by the joint board of county commissioners, should be confirmed.
 

 “It is, therefore, hereby ordered and adjudged by the court that said proposed improvement is necessary and will be conducive to the public welfare, and that the cost thereof will be less than the benefits, and that the assessments against the respective lands of said respective appellants, as fixed by the joint board of county commissioners, be, and the same are, hereby confirmed.”
 

 Some of the appellants, being dissatisfied with the judgment entered, prosecuted error to the Court of Appeals, and that court affirmed the judgment of the common pleas. This court has allowed a motion requiring the Court of Appeals to certify its record to this court for further review.
 

 It is not questioned that the parties were fully heard in the court of common pleas. It is, however, the insistence of appellants in this court as it was in the Court of Appeals (1) that the Court of Appeals erred in imposing the burden of proof upon the appellants; (2) that the common pleas court misconceived the issues to be determined, and in rendering judgment treated the case as an error proceeding, and that that court did not in fact exercise an independent judgment upon the benefits accruing to the appellants from the improvement. We will dispose of these contentions in the order stated.
 

 Section 6472, herein quoted, requires the court of common pleas to hear the appeals
 
 de novo,
 
 and the same section expressly imposes the bur
 
 *230
 
 den upon the owner against whom the assessment is levied. It is claimed that these two provisions are wholly inconsistent, and that the right of appellants to have the case heard
 
 de novo
 
 is denied if the burden of proof is imposed upon the appellant. We find no merit in this contention. The property owners were clearly entitled to a judicial review of some character. This is guaranteed by Section 16, Article I, of the Ohio Constitution, which provides: “All courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law *
 
 *
 

 The county engineers and the boards of county commissioners are administrative agencies, to whom recourse must first be had, in turn, and the appellants are then entitled to have a judicial review of the fact determination of these administrative agencies. The statute recognizes this right and provides the judicial review. While some review must be provided, the character of that review is in large measure left to the wisdom and discretion of the general assembly. The statutes of Ohio provide a great variety of judicial reviews, from various administrative agencies. In some instances it is only to determine whether the orders of the administrative agency are reasonable and lawful. Others provide an error proceeding, with a further right to take additional testimony. And still others provide for an appeal, including a trial
 
 de novo.
 
 It has repeatedly been held by this court, and by the United States Supreme Court as well, that such a review requires the exercise of an independent judgment of the court, and this is of course true of the appeal in the instant case.
 

 
 *231
 
 Any legislative provision which provides for a judicial review, involving the exercise of an independent judgment on the part of the court reviewing the proceedings, fully complies with the constitutional guaranty. In an appeal from a levy of assessments in a ditch improvement, the judicial review is unusually complete, in that it allows a trial
 
 de novo.
 
 The only question before us in this error proceeding is whether the Legislature may impose a condition that the appellant be required to sustain the burden of proof.
 

 This is not the only instance where the Legislature has placed the burden otherwise than by the rules of common law. Section 710-176, General Code, places upon a defendant in a prosecution for fraudulent issuing of a check, on which payment is refused, the burden of overthrowing the presumption of fraudulent intent which arises out of the mere refusal of the bank to pay the check. Section 8970 places upon a railroad company the burden of proving want of negligence on its part in case of fires originating on its right of way and spreading to adjoining lands. Section 12Ó85 gives to the proponent of a last will and testament the right to open and close as against the contestant. Public utilities establishing a rate are required to assume the burden of proving that it is a reasonable rate. Other instances might be cited where the Legislature has placed the burden of proof upon parties who have the negative of the issue.
 

 The Legislature has made provision for the substantial constitutional right. If the imposition of the burden of proof upon the appellants is a substantial interference with the exercise of that right,
 
 *232
 
 it is a denial of a substantial right guaranteed by the Constitution. The burden of proof is a procedural matter, within the same measure of legislative control as the numerous other instances already referred to. They have always been recognized as valid, and by the same token and upon the same principles this statute must also be held to be a valid procedural condition upon the right of appeal from the county commissioners in the levy of special assessments.
 

 The further consideration of this error proceeding relates to the question of the validity of the assessments. The county surveyors constitute the first fact-finding authority. Section 6455 defines the duty of the surveyor in making estimates of the amount to be assessed against each tract of land, and, in further defining the duty of the commissioners in amending, correcting, confirming, and approving the assessments, provides that the surveyor and the commissioners “shall levy the assessments according to benefits; and all land affected by said improvement shall be assessed in proportion as it is specially benefited by the improvement, and not otherwise.”
 

 Sections 6463 and 6569 emphasize this point by requiring the county commissioners at the final hearing on said improvement to hear any evidence offered for or against the assessment proportion as levied against any owner, or on any land, as shown by the schedule of assessments filed by the surveyor, and to hear any competent evidence on the question of benefits. The commissioners shall from the evidence offered and from an actual view of the premises amend and correct the assessments, and the as
 
 *233
 
 sessments so amended or corrected shall be approved by the commissioners.
 

 We are not concerned in this proceeding with the action of the county surveyor and the county commissioners, and these statutes are only important in this review as indicating, as they do clearly indicate, that each property shall only bear its share of the cost of the entire improvement in proportion to the benefits accruing to each separate property by reason of the improvement. Certain property owners having appealed to the Court of Appeals, and, being entitled to a trial
 
 de novo,
 
 it is important, first, to ascertain the legislative meaning and intent in granting a trial
 
 de novo.
 
 There would seem to be nothing ambiguous about this term, and yet the former decisions of this court throw some light upon the subject, which justifies their citation.
 

 In
 
 T. S O. C. Ry. O.
 
 v.
 
 Village of Hartford,
 
 101 Ohio St., 520, 130 N. E., 942, itC was held that the right of appeal in chancery cases, as guaranteed by the Constitution, required a trial of the cause
 
 de novo,
 
 and that therefore it was error to limit the evidence on such appeal to a transcript of the testimony taken in the hearing of the cause in the court of common pleas. This principle was elaborated upon and affirmed in
 
 Kiriakis
 
 v.
 
 Fountas,
 
 109 Ohio St., 553, 143 N. E., 129. In
 
 Mason
 
 v.
 
 Alexander,
 
 44 Ohio St., 318, the opinion, at page 328, 7 N. E., 435, 439, states: “In Ohio the appeal itself vacates, without reversal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in that court. It takes up the subject of the action
 
 de novo,
 
 in respect to
 
 *234
 
 pleadings, necessary parties, trial, and judgment, in like manner as if the cause had never been tried below.”
 

 There was a full presentation of the case in the court of common pleas, and no serious question is before this court as to the admission or exclusion, or the relevancy and materiality, of evidence admitted and rejected at that trial. The only question is whether the court of common pleas properly conceived the issues to be determined, and the scope of its inquiry. The judgment entry herein quoted is somewhat ambiguous, and we are of the opinion that the court of common pleas only determined that the improvement was necessary and conducive to the public welfare, and that the total cost of the improvement was not more than the total benefits, and that each appellant received some benefit, and that it did not determine that each property owner who had appealed to that court was specially benefited in an amount equal to the assessment levied. We have no difficulty in reaching the conclusion that the journal entry is ambiguous, and we are aided in reaching a conclusion upon the proper interpretation of the language used by the opinion of the court of common pleas, which was placed on file at the time the judgment was entered. The court of common pleas followed a decision rendered by the Athens county Court of Appeals, and also an opinion of the Court of Appeals of the Fifth District, and made the following significant comment:
 

 “In view of the fact that these cases are heard on appeal, and heard
 
 de novo,
 
 and that the court of common pleas, under the statute, can affirm, correct, modify and hear the entire matter as if originally
 
 *235
 
 filed in such court, this decision of the court of appeals hardly seems consistent with the statute, yet the decision of the Athens county Court of Appeals, cited by counsel, is to the same effect. That is, if any benefit is conferred on the land owner by the improvement, the court should not disturb the finding of the commissioners.
 

 “The court in the case at bar has carefully reviewed all the evidence submitted, and has viewed the ditch by traveling most of the territory affected, and is unable to reach the conclusion that any of the lands assessed derive no benefit whatever from the proposed improvement. If such is the case, following the Court of Appeals, the assessments of the commissioners should not be disturbed.”
 

 If the foregoing indicates the principle of law which the court of common pleas was applying to the facts as developed in the evidence, the situation challenges our earnest attention.
 

 Section 19, Article I, of the Ohio Constitution, guarantees full compensation in money for any property taken for public use. In
 
 Chamberlain
 
 v.
 
 City of Cleveland,
 
 34 Ohio St., 551, it was stated in the syllabus:
 

 “2. The whole amount of the assessment must'be apportioned amongst the several lots and parcels of land specially benefited, in the proportion that the special benefit to each lot or parcel bears to the whole special benefits conferred by the improvement.
 

 “3. Where the proceedings in an appropriation assessment, on the principle of special benefits, merely show upon their face, that the aggregate amount of the assessment is placed on ‘benefited property,’ it will not be conclusively presumed that
 
 *236
 
 the assessment is limited to the special benefits conferred, or that it has been properly apportioned amongst the several lots or lands assessed.”
 

 In
 
 Walsh
 
 v.
 
 Barron, Treas.,
 
 61 Ohio St., 15, 55 N. E., 164, 76 Am. St. Rep., 354, in the first syllabus, we find: “But it can in no case exceed the benefits without impairing the inviolability of private property. ” In
 
 Cincinnati, L. & N. Ry. Co.
 
 v.
 
 City of Cincinnati,
 
 62 Ohio St., 465, on page 474 of the opinion, 57 N. E., 229, 49 L. R. A., 566, there is further discussion of the same tenor, reaching the same conclusion. In
 
 Alma Coal Co.
 
 v.
 
 Cozad, Treas.,
 
 79 Ohio St., 348, 87 N. E., 172, 20 L. R. A. (N. S.), 1092, it is stated in the first syllabus: “The provisions of the Constitution forbid, not only the taking of the private property of one, but as well the laying of an imposition upon it, for the sole benefit of another. ’ ’
 

 These decisions are only declaratory of the plain provisions of Sections 6455 and 6463.
 

 We are of the opinion that the court of common pleas, after hearing all the evidence, determined that each property was somewhat benefited by the improvement, and, acting upon the pronouncements of certain Courts of Appeals, did not inquire into the extent of such benefits. Neither did it determine that each particular appellant was benefited to the amount of the assessment levied. When error was prosecuted to the Court of Appeals, one of the assignments of error related to the weight of the evidence. That court affirmed the judgment generally without making any special finding upon that particular assignment of error. It is apparent from the opinion of the Court of Appeals that it entertained
 
 *237
 
 the same views of the legal principles involved as the court of common pleas.
 

 It is the contention of counsel for appellants that there is no evidence of any benefit to the property of the appellants. We have carefully examined the bill of exceptions and find a conflict in the evidence, and we are unable to say that there is no evidence tending to show any benefit to the property of these appellants, or any of them. It is apparent that some of the properties will be slightly benefited. The court of common pleas evidently felt that it should not substitute its judgment for that, of the county commissioners. This is an erroneous conception of the law. By the appeal the appellants became entitled to a trial
 
 de novo
 
 and an independent judgment upon the issues of fact, as well as upon the issues of law involved. Feeling that such independent judgment has not been exercised, the court of common pleas and the Court of Appeals must be reversed, and the cause remanded to the court of common pleas for retrial and for determination of the issues of fact as though the same issues had not already been heard and determined by the county commissioners.
 

 Judgment reversed.
 

 Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.