## DEACONESS HOSPITAL OF CINCINNATI v LEUTZ et

Ohio Appeals, 1st Dist, Hamilton Co

No 4023.   Decided Jan 18, 1932

Louis J. Schneider, Cincinnati, for plaintiff.

Alfred K. Nippert, Cincinnati, and Charles Rodner for defendants.

ROSS, PJ.

Such a pleading states a case in chancery, and the entire cause is appealable.

In the case of Gill et v Pelkey et, 54 Oh St, 348, at pages 360 and 361 of the opinion, it is stated:

"The learned Judge who delivered the opinion of the court in Smith v Anderson, 20 Oh St, 76, seems to have thought that in an action to recover specific real property, an issue arising upon an equitable cross-demand set forth in an answer, was triable by a jury as of right and not appealable; but the syllabus stops short of that, and places the decision on the ground that the answer set forth a defense and nothing more.

"It may be quite true that an equitable defense merely, that is, one which sets forth some equitable considerations for the sole purpose of resisting the plaintiff's demands, without asking any affirmative action of the court whatever, will not affect the mode of trial, although it would have done so if the party had invoked some affirmative relief. The difference between them being that the first is simply a defense to the cause of action stated in the petition, while

the other is a cross-demand constituting a cause of action in itself, on which a separate action might have been maintained. The former being merely a defense, cannot draw to itself a mode of trial different from that prescribed for the cause of action to which it relates. The latter being a distinct cause of action, is of equal dignity with the one set forth in the petition, and therefore equally entitled to its appropriate method of trial.

"This view of the matter will reconcile Smith v Anderson, supra, with **Massie v Stradford, 17 Oh St, 596; Taylor v Leith, 26 Oh St, 4;** Buckner v Mear, Ib., 514, and the latter decisions of this court upon the subject. **Sheeful v Murty, 30 Oh St, 50; Dodsworth v Hopple, 33 Oh St,. 16; Rankin v Hannan, Admr, 37 Oh St, 113.** In Buckner v Mear and Dodsworth v Hopple, the authority of Smith v Anderson is expressly limited to instances where the answer sets forth an equitable defense merely without asking affirmative relief.

"In view of these cases it may be regarded as the settled law of this state, that while an equitable defense merely will not affect the mode of trial or right of appeal, yet an equitable cross-demand set forth by a defendant in a cross-petition upon which he asks affirmative relief, will draw to itself the mode of trial appropriate to such cause of action, and give the same right of appeal as it would do if set forth in a petition by the plaintiff in an action."

See also:
**Gantz v Gease, Guardian et, 82 Oh St, 34. Kiriakis v Fountas, 109 Oh St, 553, 558. Clark et v Clark, 110 Oh St, 644.**

The motion to dismiss the appeal will be overruled.

HAMILTON and CUSHING, JJ, concur.