**EAGLE SAVINGS & LOAN ASSOCIATION, Appellee v. HUCKE et, Appellees; PENKER REALTY COMPANY, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6296.   Decided June 1, 1943.

W. Ray Skirvin, Cincinnati, and Stewart S. Cooper, Cincinnati, for Sophia Hucke.

Freiberg & Simmonds, Cincinnati, and Jerome Goldman, Cincinnati, for The Penker Realty Co.

Louis Weiland, Cincinnati, for Edward L. Raisbeck and J. Clarence Raisbeck et.

## OPINION

By ROSS, P. J.

This matter is presented to this court upon a motion to dismiss the appeal upon questions of law and fact.

The docket and journal entries pertinent to the question presented are:

12/30/40—Cause heard and submitted.

2/9/43—Request of the Penker Realty Co. for separate findings of fact and conclusions of law filed.

3/2/43—Min. 1027. Findings of Fact and Conclusions of Law.

3/8/43—Exceptions to the findings of fact and conclusions of law filed.

3/9/43—Min. 1104.—Judgment Entry in favor of Sophia Hucke.

3/11/43—Motion for new trial filed.

3/30/43—Min. 1324.—Entry overruling motion for new trial.

4/7/43—Execution No. 54739 issued against The Penker Realty Company in favor of Sophia Hucke.

4/7/43—Application to fix bond on appeal filed.

4/7/43—Notice of appeal on questions of law and fact on behalf of The Penker Realty Company filed.

4/7/43—Praecipe for transcript filed.

4/7/43—Min. 36. Entry fixing bond on appeal at $200.00.

4/7/43—Appeal bond 154 in Book 28 in sum of $200.00 given.

4/12/43—Entry fixing bond on appeal in the sum of $4500.00.

4/12/43—Application to fix bond on appeal by The Penker Realty Company filed.

4/12/43—Supersedeas Bond 66 Book 14 in the sum of $4500.00 given.

4/12/43—Notice of appeal on questions of law and fact on behalf of The Penker Realty Company filed.

4/12/43—Praecipe for transcript filed.

"The original action was brought by the holder of a first mortgage against the mortgagor, second mortgagee, and several successive grantees of the mortgaged premises, to foreclose the mortgage and recover a personal judgment against the mortgagor upon the note secured by the mortgage, and against the grantee upon provisions in their respective deeds, whereby they assumed and agreed to pay the mortgage debt.

The first mortgage has been foreclosed, the property sold and the debt due plaintiff paid and satisfied. The plaintiff has no interest in the result of this appeal. **The issue is between co-defendants.**"

The foregoing is a quotation from the opinion of Matthews, P. J., at a former hearing of this cause No. 6181 on the docket of this court.

For a more extended statement of the proceedings in the case reference is made to that opinion.

Sophia Hucke, a defendant in the original action is the holder of a second mortgage executed by Max Ortman, who conveyed to Edward L. and J. Clarence Raisbeck. J. Clarence Raisbeck and wife conveyed an undivided ½ interest in Edward L. Raisbeck, who conveyed to The Penker Realty Company, the appellant.

Sophia Hucke received nothing out of the proceeds of sale of the mortgaged premises under the foreclosure of the first mortgage.

Sophia Hucke, by a cross-petition, seeks to recover money only from her co-defendants, The Penker Realty Company and other grantees.

The Penker Realty Company has filed a cross-petition against Sophia Hucke, seeking reformation of a contract relied upon by Sophia Hucke to fix liability on The Penker Realty Company for the assumption of the original second mortgage debt.

The trial court sustained the claims of Sophia Hucke and rendered judgment for money only against her co-defendants including the appellant. On its cross-petition for reformation, the trial court found against the appellant.

Now it is clear that the cross-petition of Sophia Hucke stated a simple cause of action at law for money only against the appellant and it is equally clear that the cross-petition of the appellant, The Penker Realty Company contained the statement of a cause of action in chancery, that is, for reformation of a written instrument.

In the case of **Lust v. Farmers' Bank & Savings Co., 114 Oh St 321,** the syllabus is:

"Where, in an action for the recovery of the possession of real estate, an answer is filed which contains a general denial, putting in issue all the claims of the plaintiff, and by a second and third defense the defendant averring ownership and possession seeks affirmative relief by setting up cross-demands 'constituting a cause of action in itself on which a separate action might have been maintained,' to wit, quieting title of the disputed tract, such answer is not to be construed merely as defensive to the allegations of the petition; and, such cross-demands relating to a subject-matter over which chancery has jurisdiction, the issues tendered by such cross-demands and the reply of the plaintiff thereto make a cause of action that is appealable."

And, on page 319 of the opinion it is stated:

"As was said by Bradbury, J., in **Gill v. Pelkey, 54 Oh St 348, 360,** 43 N. E., 991, 993:

" 'It may be quite true that an equitable defense merely, that is, one which sets forth some equitable considerations for the sole purpose of resisting the plaintiff's demands, without asking any affirmative action of the court whatever, will not affect the mode of trial, although it would have done so if the party had invoked some affirmative relief. The difference between them being that the first is simply a defense to the cause of action stated in the petition, while the other is a cross-demand constituting a cause of action in itself, on which a separate action might have been maintained. The former being merely a defense, cannot draw to itself a mode of trial different from that prescribed for the cause of action to which it relates. The latter being a distinct cause of action, is of equal dignity with the one set forth in the petition, and therefore equally entitled to its appropriate method of trial. * * *

" 'In view of these cases it may be regarded as the settled law of this state, that while an equitable defense merely will not affect the mode of trial or right of appeal, yet an equitable cross-demand set forth by a defendant in a cross-petition upon which he asks affirmative relief, will draw to itself the mode of trial appropriate to such cause of action, and give the same right of appeal as it would do if set forth in a petition by the plaintiff in an action.' "

484

In **Kiriakis v. Fountas, 109 Oh St 553, at page 558** of the opinion it is stated:

"However, the cross-petition filed by the defendant, in which he alleges the existence of a partnership, asks in substance for an accounting, and prays for reformation of the bill of sale on the ground of mutual mistake.

"This cross-petition is clearly equitable, and establishes equitable jurisdiction. Where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transactions or subject-matter. Frank v. Davis, 135 N. Y., 275, 31 N. E., 1100, 17 L. R. A., 306. Under such circumstances a court of equity may go on to complete adjudication, even establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority. Johnston & Grommett Bros. v. Bunn & Monteiro, 108 Va., 490, 62 S. E., 341, 19 L. R. A. (N. S.), 1064. The same rule is laid down in Ohio. **Gantz v. Gease, Gdn., 82 Oh St 34, 91 N. E., 872.**"

See also: **Deaconess Hospital of Cincinnati v. Leutz, 12 Abs 270; 2 O. Jur., §§177, 178, 179, Pg. 198, 199, 200.**

The cross-petition of the appellant praying for affirmative relief based upon allegations of fact showing the existence of a cause of action cognizable in chancery controlled the character of the trial and appeal and the appellant had the right to appeal on questions of law and fact.

The question presented by the motion to dismiss is whether the appellant has effected an appeal.

The appellant claims that its notice of appeal is in time. since it was filed within twenty days after the overruling of a motion for a new trial. That is, of course, dependent upon which such notice was "duly" filed—that is, filed among other things, in time.

In **Cullen v. Schmit et, and State ex Squire, etc v. Winch et, 137 Oh St 479,** the 1st, 2nd, 3rd and 4th paragraphs of the syllabus are:

"1. As defined by §11575 GC, a new trial is a re-examination in the same court of an issue of fact after a verdict by a jury, a report of a referee or master, or a decision by a court.

"2. Under the provisions of §12223-7 GC, a motion for a new trial must not only be filed within three days after a verdict or decision, but it must be 'duly' filed; and in this respect these provisions recognize no distinction between an action at law and a suit in chancery.

"3. A motion for a new trial is duly filed only when. if granted, it would result in a re-examination of the issues of fact presented by the pleadings.

"4. When a motion for a new trial is duly filed by either party within three days after the verdict or decision in an action at law or a suit in chancery then the time for perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for a new trial."

**Section 12223-7 GC,** provides:

"The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"1. In appeals to the supreme court, to courts of appeals, or from municipal courts and from probate courts to courts of common pleas, within twenty (20) days.

"Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for a new trial.

"2. In all other appeals, within ten (10) days.

"3. In case of insanity or death of a party after judgment, the court shall have the power to extend the time for filing the appeal, an additional twenty (20) days."

At page 483 of the opinion in Cullen v. Schmit, it is stated:

"With these premises in mind what distinction does this section recognize between an action at law and a suit in chancery with reference to the perfecting of an appeal? More exactly, what is meant by the wording 'verdict or decision?' Is the use of the word 'decision' restricted to actions at law? A close study of this and cognate sections discloses nothing to indicate that the term is employed in other than its broad, generic sense of a final determination of the rights of the parties to an action. Therefore, to hold that the word 'decision' excludes either a judgment in an action at law or a decree in a suit in chancery would require not only judicial legislation but also the revival of a technical and confusing distinction that could serve no useful purpose."

Let us now turn to the case of **In Re Estate of Lowry, 140 Oh St 223,** bearing in mind the conclusion of the Supreme Court that the legislature intends no distinction between actions at law and suits in chancery as far as the matters under consideration are concerned. Paragraph 1 of the syllabus in the case of In Re Estate of Lowry reads:

"Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent

of a verdict of a jury and is to be governed by all statutes relating to verdicts. (Boedker v. Warren E. Richards Co., 124 Oh St 12, approved and followed; Industrial Commission v. Musselli, 102 Oh St 10, modified.)"

On page 225 of the opinion it is stated:

"Whether the motion for a new trial in this case was premature depends upon the meaning of the word 'decision'. If it means 'judgment,' then the motion was premature, for the court had not yet announced or rendered a judgment. If it means the announced finding of the court in lieu of a verdict of a jury, a jury having been waived, the motion was not premature.

"The holding of this court in the case of Boedker v. Warren E. Richards Co., 124 Oh St 12, 176 N. E., 660, is applicable and pertinent. It was announced in the syllabus of that case:

" 'Where an action at law is submitted to the court, trial by jury being waived by the parties, the finding of the court is the equivalent of a verdict of a jury and is to be governed by all statutes relating to verdicts.' "

And, again, on page 227 of the opinion:

"It must be conceded that some confusion has arisen in Ohio by reason of the announcement of this court in the case of Industrial Commission v. Musselli, 102 Oh St 10, 130 N. E., 32, wherein it is stated that the term 'decision' is used in the sense of judgment. Subsequent decisions by this court, and particularly that in the Boedker case, supra, have had the effect of modifying the statement made in the Musselli case above referred to.

"It is well established in Ohio that a court speaks only through its journal and that no judgment is rendered until the entry is prepared, approved by the court and filed with the clerk. State ex Industrial Commission v. Day, Judge, 136 Oh St 477, 26 N. E. (2d), 1014. However, as clearly indicated in the cases above cited, neither the verdict of a jury nor the decision of a court where a jury has been waived constitutes a judgment. It is expressly provided by §11599 GC, that 'When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered.'

"It follows that in a case where trial by jury has been waived and the trial judge, after hearing upon the issues, renders a decision on the issues made, a motion for a new trial is properly filed within three days after the decision and before judgment in conformity therewith has been entered."

From these decisions it seems apparent that an appellant may not ignore the "decision" of the court even in a chancery case, permit the three days or the term to pass and then extend his period for filing a notice of appeal as provided in §12223-7 GC, by filing a motion for a new trial after the decree of the court has been entered. If the appellant decides to appeal on questions of law and fact he may await the final decree and then file his notice of appeal within twenty days from the date of its entry.

If no finding or decision is made by the chancellor and the court merely enters a decree containing its finding, decision and judgment, the appellant of course then may file a motion for a new trial for this is his first opportunity to request the chancellor to review its conclusions on the evidence. In such case, the time for the notice of appeal will run from the overruling of the motion for a new trial.

If the claim of the appellant is correct, it could file two motions for new trial—one, addressed to the "decision" of the court properly journalized, and, another, to the judgment. Such cannot be the reasonable interpretation of our statutes on appellate procedure.

All of the decisions of the Supreme Court noted herein had been pronounced before the appellant saw fit to pass the "decision" for motion and address same to the decree. The rules as noted herein seem to be a plain caveat against such procedure.

The procedure herein indicated is reasonable, fair, and logical. The appellant may see fit to attack the conclusion of the court in a chancery case upon questions of law only.

To raise a consideration of the evidence in the reviewing court, however, he must have a ruling upon a motion for a new trial. Obviously, the seasonable time to "duly" file such motion is at the first opportunity, when the chancellor has journalized his findings upon the facts and law—that is, when he has announced his decision thereon. Is it unfair to say when the dissatisfied litigant in chancery passes the "decision" upon the facts without attack that he has waived the right to attack, especially when he has the right to file a notice of appeal within twenty days after the decree, and raise questions of law other than those involving the evidence on questions of law and fact, upon a trial de novo, based upon an appeal on questions of law and fact? The answer seems clear that the appellant is not entitled to disregard the "decision" as it did in this case.

For the reasons given, therefore, it is apparent that the appeal on questions of law and fact must be dismissed.

Has the appellant an appeal upon questions of law remaining

after the dismissal of the chancery appeal? The answer is, No, for the reasoning and authorities apply equally to an appeal on questions of law. No notice of appeal was filed within twenty days of the final judgment or decree.

The appeal will be dismissed in toto.

HILDEBRANT and MATTHEWS, JJ., concur.