Bell, J.
The assignments of error raise but a single question for our determination: Upon whom does the burden of proof rest in an appeal on questions of law and fact to the Court of Common Pleas from the affirmance by a municipal civil service commission of an order of dismissal of a member of the police department?
Section 143.27, Revised Code, clearly gives the right of an appeal on questions of law and fact to, or a trial de novo in, the Court of Common Pleas. Cupps v. City of Toledo, supra.
*538 It has long been the rule in Ohio that upon an appeal on questions of law and fact the appellate court takes up the matter where the court below took it up and proceeds in respect to all phases thereof as if the cause had never been tried below. It is in all respects a trial de novo. Grant v. Admr. of Ludlow, 8 Ohio St., 1; Mason v. Alexander, 44 Ohio St., 318; Kiriakis v. Fountas, 109 Ohio St., 553; Connelly, Treas., v. Balkwill, 160 Ohio St., 430.
The term, “trial de novo,” of course, denotes some previous trial. In the case of a dismissed member of a police department whose dismissal was sustained after a hearing by the municipal civil service commission, was such hearing a previous trial? Did the “trial” take place before the appointing authority or before the civil service commission? The answers to these questions must be found in the nature of the proceeding’s before the civil service commission.
It is argued by the city that, since the action of the appointing authority in dismissing the plaintiff must be accorded every presumption of legality, the plaintiff, if he would avoid the effect of the order of dismissal, must carry the burden before the civil service commission of showing that his dismissal is sufficient to establish a prima facie case and, in the absence of any evidence on behalf of the plaintiff to show a wrongful dismissal, he will lose. From this the city then argues that plaintiff, having the burden of proof below (before the civil service commission), has the same burden in a trial de novo in the Court of Common Pleas.
There is considerable force in such argument if the procedure before the civil service commission is, in reality, an appeal. We do not, however, believe that either the philosophy of civil service legislation, generally, or the provisions of Section 143.27, Revised Code, specifically, permit of that conclusion.
The general philosophy of civil service is reflected in the opening words of Section 143.27, Revised Code, which are as follows: “The tenure of every officer or employee in the classified service * * * shall be during good behavior and efficient service * * *.” To be removed from that service as a result of certain specified actions, charges must be prepared and filed with the civil service commission, and the officer charged is *539 entitled to an opportunity to explain and answer those charges. If the officer involved so desires, he may suffer a “default judgment” to be entered against him by failing to explain or answer. If, however, he chooses to contest the matter he is entitled to a hearing before the civil service commission. Although designated as an “appeal” in the statute, it is our opinion that the statute contemplates a “trial” before the civil service commission. The officer is brought to “trial” by the charges theretofore filed against him. In this respect the charges contained in the order of dismissal and the explanation or answer of the officer are much like the petition and answer in an ordinary civil action or the indictment and plea in a criminal action. The city is thus in the position of a plaintiff and the officer in that of a defendant.
It is a truism that “he who alleges must prove.” The city, in a dismissal proceeding before the municipal civil service commission, alleges certain misconduct warranting dismissal of a civil servant. Having made the allegations, it devolves upon the city to prove them. The city, having the burden of proof before the civil service commission, must likewise carry the burden in an appeal on questions of law and fact under the provisions of Section 143.27, Revised Code.
Since this court is not required to, and ordinarily does not, weigh the evidence, we express no opinion as to whether the evidence offered on behalf of the city in the Court of Common Pleas was sufficient to maintain the burden imposed upon it.
But since the judgment of the Court of Appeals is being affirmed herein and since the matter must be remanded to the Court of Common Pleas for a new trial, we deem it appropriate to concur in the conclusion of the Court of Appeals that, inasmuch as this is a civil action, the quantum of proof required to maintain the burden of proof is a preponderance of the evidence.

Judgment affirmed.

Zimmerman, acting C. J., Younger, Taut, Matthias, Herbert and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weygandt, C. J.
*540 Younger, J., of the Third Appellate District, sitting by designation in the place and stead of Zimmerman, J.