IN RE APPEAL OF STRAHLEM-LEFEVRE DITCH.*

(No. 190—Decided August 27, 1962.)

---

*Motion to certify the record overruled, February 13, 1963. Appeal dismissed, 174 Ohio St., 252.

*Messrs. Marshall & Wills,* for appellees.

*Mr. Harold E. Christman,* prosecuting attorney, and *Mr. R. E. Boller, Jr.,* for appellants.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Shelby County involving a proposed single county drainage improvement.

The case appears here for the second time. In its first appearance, the trial court had found in favor of the improvement, but had reserved the question of damages for future determination. At that time, this court reversed the judgment of the trial court and remanded the cause for further proceedings for the reason that it was impossible to determine whether the cost of the improvement was greater or less than the benefits conferred until such time as damages were determined. Specifically, this court said:

"The questions raised by the errors assigned are closely related to the question of compensation and damages. We are not able to fully and properly determine the questions raised by the assignments of error without having before us the judgment of the court on the question of damages. Moreover, we are of the opinion that the trial court is required first to determine the questions of damages before entering a final judgment."

Thereafter, a trial on the issue of damages was held in the Common Pleas Court wherein a jury awarded the owners the sum of $12,430, as follows: Benjamin F. and Mary E. Steenrod, $8,250; Wilfred P. and Mildred Baughman, $3,880; and James E. and Mary L. Steenrod, $300. No appeal was taken by any of the appellants from the judgment entered upon the jury's verdict. The lands benefited by the drainage improvement were then reassessed proportionately in accordance with the increased cost due to the verdict, without objection from any affected landowners because of such increased cost.

Subsequently, on February 20, 1962, the matter came on to be heard *de novo,* as provided for in Section 6131.30, Revised Code. At such hearing, the parties stipulated that the original record, which was previously before this court, should be made a part of the record in the present case, but some additional testimony was heard by the trial court.

On April 3, 1962, the trial court entered judgment finding in part as follows:

"* * * that the improvement petitioned for was and is necessary and would be and is conducive to the public welfare and that the cost thereof is less than the benefits.

"Further that the route, termini and mode of construction petitioned for, recommended and approved by the Shelby County Commissioners and Shelby County Engineers is the best to accomplish the improvement; and that the award for compensation and damages to the objectors by a jury in the Common Pleas Court in this case has been determined."

From such judgment, this appeal is taken by Benjamin F. and Mary E. Steenrod and James E. and Mary L. Steenrod, the Baughmans not wishing to participate further in the appeal.

In the original appeal, the appellants claimed: (1) That the route, termini or the mode of construction is not the best to accomplish the purpose of the improvement; (2) that the assessments are not levied according to benefits; and (3) that the award for damages is not just.

In the present appeal, the same parties contend: (1) that the improvement is not necessary; (2) that the ditch will not be conducive to the public welfare; and (3) that the costs exceed the benefits.

With reference to the issues presently before the court, it appears at the outset that the appellants, by participating without objection in the trial on the issue of damages, waived the right to now question that the improvement is necessary and conducive to the public welfare for the obvious reason that there was no constitutional or statutory basis for subjecting their lands to a servitude unless it was necessary and for the benefit of the public. In other words, the right to appropriate private property is dependent upon its necessity for the public welfare. For this reason, such issues should, in proper order, be raised and resolved before unnecessarily proceeding to trial to determine the value of land taken and damages to the residue. In this regard, it is also significant that the appellants themselves, in the early stages of the proceeding, petitioned for an alternate route to cope with the ponding and excessive crop damage described by witnesses who favor the proposed improvement. Such action cannot be reconciled with the present

claim that the drainage improvement is not needed or conducive to the public welfare.

Worthy of mention, too, in considering appellants' contention that the costs of the proposed improvement exceed the benefits, is the fact that not one of the landowners who is required to pay any amount toward the cost of the improvement has expressed any dissatisfaction with the assessment against his land. This being so, it would be ambitious indeed for this, or any other court, to interfere with an affected landowner's own subjective opinion that the benefits which will eventually accrue to his land from the proposed improvement exceed the amount chargeable against him. Surely, those required to pay for the project are most apt to make a detailed and critical analysis of the benefits to be derived therefrom.

But aside from the previous observations, we have examined the record with specific reference to the present contentions of the appellants.

The trial court found that the improvement is necessary and conducive to the public welfare and that the cost thereof will be less than the benefits. The appellants claim otherwise. In resolving this conflict, the evidence presented upon each of the three issues is controlling, and must be considered in the light of the rule that the appellants, as a procedural matter, are required to sustain the burden of proof. *In re Appeal in Joint County Ditch*, 122 Ohio St., 226; *Henry v. Bahns et al., Board of Commrs. of Greene County*, 109 Ohio App., 312.

After reviewing the record before us, we are unable to conclude that the owner-appellants have sustained that burden. On the contrary, the evidence, though conflicting in some respects, overwhelmingly supports the conclusions of the trial court.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.