## KUKLA et v GONSKI et

## GONSKI et v KUKLA et

Ohio Appeals, 6th Dist, Lucas Co
Nos. 2556 & 2557. Decided June 22, 1931

W. H. Wagers and S. S. Burtsfield, Toledo, for Kukla.

Geer & Lane, Toledo, for Gonski.

RICHARDS, J.

It is urged in support of the motion to dismiss the appeal, that the averments by which Annie Kukla 'Gonski seeks to recover the value of the use and occupation transforms her action to quiet title into an action at law and that therefore, notwithstanding the consolidation of the cases, appeal will not lie. We can not assent to that contention but hold that the consolidated action is appealable. It must be remembered that the provisions of law granting a right of appeal in chancery cases should be liberally construed. By the consolidation we may fairly treat the plaintiff in the second action, Annie Kukla Gonski, as a defendant in the first action asking to have her title quieted to the entire premises by virtue of the deed of conveyance made by her mother to her. It is true that her demand to recover the value of the use and occupation of the part of the premises occupied by one of the co-tenants would be, standing alone, the assertion of a right not sounding in chancery, but as the plaintiffs in the petition are seeking affirmative equitable relief as to the same property, and as the two actions are consolidated, we' must treat the entire matter as a proceeding in chancery. This conclusion is required by the holding of the Supreme Court in **McBride, Inc. v Murphy, et al., 111 Oh St, 443.** A similar holding was made in **Kiriakis v Fountas, 109 Oh St, 553.** While the principle is not stated in the sylabus in the latter case, yet it clearly appears from the facts stated in the opinion of the court. In that case the plaintiff prayed for a cancellation of a promissory note for $1500.00, an injunction and the recovery of a judgment for $251.10. The cross-petition alleged the existence of a partnership, asked for an accounting and for the reformation of a bill of sale, and the court on page 558 of the opinion uses the following language:

"Where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transactions or subject matter. * * * Under such

**148**

circumstances a court of equity may go on to complete adjudication, even establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority."

To the same effect is the decision in **Lust v Farmers' Bank & Savings Co, 114 Oh St, 312.** That was an action for the recovery of possession of real estate which would be an action at law, but an answer was filed which contained a general denial and also a second and third defense constituting a cause of action for quieting title of the disputed tract and it was held that the action was in chancery and appealable.

For the reasons given the motion to dismiss the appeal will be overruled. The case being one which was appealable, and having been appealed, the proceedings in error will be dismissed. This dismissal necessarily results because of the failure to make Michael Kukla, a brother, who had been awarded an undivided one-fourth of the land by decree of the Common Pleas Court, a party to the proceeding in error and no application is made to make new parties.

We come then to the merits of the case made on appeal. The important facts, in brief, are that Anna Kukla, owning several pieces of land, and residing with her daughter, Annie Kukla, then unmarried, and two sons, desired to make disposition of her property, as she said, to avoid trouble and work. The daughter seems to have cared for her mother for a considerable period of time following the death of her father. It is claimed on behalf of Louis Kukla, a brother, that his sister Annie agreed at the time the deed was made to hold the property in trust for herself and three brothers, but the evidence fails to sustain that claim. Annie Kukla Gonski testifies that she never heard of any such claim at or before the time the deed was made, nor until the death of her mother, which was some nine years thereafter. The deed was written by a reputable lawyer of this bar and he testified, when called by Louis Kukla, that the mother told him she wanted to deed all of the property to Annie as "I don't want to be bothered with the property." He had some further conversation with her along this line, in which she expressed great confidence in Annie, and on being inquired of as to whether the daughter was present at the conversation, the witness stated

"It is my firm recollection that I talked to Mrs. Kukla in the room alone at the time. That is, before the deed was signed I had this conversation as I have related, with her, alone."

By all of the testimony in the case, the deed was made in exactly the form that the grantor desired and intended, and any statement which she made in the absence of her daughter could by no reasonable intendment result in engrafting a trust on the land. It has always been held that parole evidence, to engraft an express trust in land upon a warranty deed absolute in form, must clearly and convincingly show the agreement of trust made contemporaneously with the deed.

**Russell, et al. v Bruer, 64 Oh St, 1;**
**Boughman, et al. v Boughman, 69 Oh St, 273.**

As such a trust could only be shown by the high degree of proof indicated, it could, of course, not exist where the grantee had no knowledge that a trust was sought to be imposed, or was even contemplated.

A decree of this court will be entered quieting the title to the land in question in favor of Annie Kukla Gonski and dismissing the claim for reformation of the deed and for partition, and dismissing the claim of Annie Kukla Gonski to recover for use and occupation.

Decree accordingly.

LLOYD, J, concurs.

WILLIAMS, J, concurs in the opinion in so far as it relates to the appeal case.