**MOSSHOLDER v WIGGINS et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3220. Decided Oct. 23, 1941.

Burch B. Ferenbaugh, Danville, and James M. Fogle, Columbus, for plaintiff-appellant.

Thomas H. Clark, Columbus, for defendants-appellees.

## OPINION

By BARNES, J.

The above entitled cause is now being determined by reason of plaintiff's appeal on questions of law and fact from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The cause is being heard de novo on the same evidence submitted before the trial court.

Counsel for appellant in his brief indicates that he is presenting an error proceeding, since on page 2 of the brief he sets out the assignment of errors. However, the transcript of evidence is not signed and allowed as a Bill of Exceptions.

In our determination it will make very little difference whether we consider the case de novo or on error.

However, counsel should give attention and be consistent with the form of appeal taken.

The cause originated in the Common Pleas Court as one for partition.

L. N. Wiggins, one of the defendants, filed an answer and cross-petition, claiming to be the equitable owner of a 78 acre farm situated at No. 5030 3-C's Highway, near Westerville.

The case was tried before Judge Scarlett and on the last day of his term of office he found for the plaintiff.

A motion for new trial was filed and another branch of the Common Pleas Court sustained the same, granting a new trial. On the second trial the case was submitted to Judge Reynolds upon the former record in the cause and without the submission of any additional testimony.

Judge Reynolds found for the defendant from which finding plaintiff prosecutes her appeal on questions of law and fact.

Defendant Wiggins' claim to equitable title in the 78 acre farm was predicated upon a claimed oral contract between Elmer Cochran and cross-petitioner on and before March 1st, 1933. The claimed terms of the contract were in substance that Wiggins, who was then living at Massillon and holding a position as yard foreman in a factory was to move to Westerville on the 78 acre farm and make a home for Cochran, and in consideration of so doing the farm was given to Wiggins. Cochran had married a sister of Wiggins, the wife having died childless some twelve years previous, leaving Cochran with no immediate members of his family. Through the cross-petition and evidence it is claimed that Wiggins resigned his factory position, gave up his group insurance and took full possession of the farm on March 1, 1934, thereafter making valuable improvements in the way of ditches, fences and repairs to buildings at his own expense. From then on Wiggins exercised absolute dominion over the farm, setting out fruit and ornamental trees and attending to the planting and harvesting of farm crops. Cochran paid no attention and gave no direction relative to the supervision of the farm. Wiggins marketed and received the income from all crops sold. It is the claim of Wiggins that Cochran agreed to give him a deed for the farm and further to make mention of such fact in his will. Cochran died in 1937 intestate and without having executed

the deed to defendant Wiggins as per oral contract.

Counsel for the Cochran heirs in his brief urges two major propositions, either of which, it is claimed, should be determinative of the cause. First, that the record fails to establish a contract by clear and convincing evidence; second, that the claimed oral contract can not be effective by reason of the statute of frauds.

The first proposition is purely a factual question, requiring a careful examination of the testimony of all witnesses. We have very carefully read the record and it is our conclusion that the existence of the ▮▮▮▮▮▮ ▮ claimed oral contract is established by clear and convincing evidence.

We not only have the testimony of Mr. Wiggins relative thereto but also that of his wife and three children, and, more important, the testimony of disinterested people whom Mr. Cochran had told that he had given the farm to Mr. Wiggins. In addition to our conclusions we have the support of both Judge Scarlett and Judge Reynolds. Their written opinions found in the files state that the oral contract was established by clear and convincing evidence. It was the conclusion of Judge Scarlett that the evidence failed to show an exclusive possession in the cross-petitioner Wiggins, and therefore he held that the statute of frauds should properly intervene and deny equitable title in Wiggins.

In arriving at this conclusion the trial court relied principally on the case of **Newbold v Michael, 110 Oh St 598**; and also the case of **Alexander v Cron, 13 Abs 273**. The latter case was decided by the Court of Appeals of this district. We have examined these cases very carefully and are constrained to the view that the trial court gave too strict a construction to the language of the courts relative to exclusive possession. If necessary, we could, with very little effort, determine that Wiggins' possession was exclusive.

The fact that Cochran remained in the home occupying a sleeping room and boarding with Wiggins would not necessarily be a retention of possession. According to the testimony, Wiggins and family were not there as servants or employees, but as the absolute owners of the property. Cochran was living with them and his situation would be very similar to that of a stranger who might come in from the outside and make a contract for room and board. Such an occupancy in a ▮▮▮▮▮▮ ▮ fixed room would not be kindred to a possession as owner. In our judgment the Alexander Cron case, supra, is pronouncedly supporting to the contention of counsel for Wiggins. A search of the decisions of the courts of this state discloses that many situations have arisen wherein the claim was made that under the facts of the particular case the statute of frauds did not apply. Among other claims is that of part or complete performance. Under such claims the general rule is that neither ▮▮▮▮▮▮ ▮ part nor complete performance will take the case without the statute of frauds where the claim asserted can be adequately compensated in money. Under conditions where personal services are of such a character that they can not be compensated in money, an oral contract will be sustained, even though otherwise void by reason of the statute of frauds.

Another class of cases is where possession is given under an oral contract and in such cases there is such a performance as will take the cause without the statute of frauds. Two recent cases of the Supreme Court we think fully and completely analyze the Ohio law at the present time and support the contention of the cross-petitioner Wiggins. The cases referred to are **La Bounty v Brumbaugh et, 126 Oh St 96**; and **Hodges v Ettinger et, 127 Oh St 460**. We have before us the very able opinion of Judge Reynolds and adopt his reasoning and conclusions as our own.

Finding and judgment for cross-petitioner Wiggins.

An entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.