**HIPSHER, Plaintiff-Appellee, v. HUNTER et al, Defendants-Appellants.**

Ohio Appeals, Third District, Van Wert County.

No. 183. Decided December 21, 1950.

Perry Wise, Beard & Wise, Charles E. Baldwin, Van Wert, for plaintiff.

Charles E. Drury, Kenneth Koch, Drury & Koch, Van Wert, for defendants.

## OPINION

Per CURIAM.

The judgment is affirmed upon the reasoning set forth in the opinion of the trial court, plus the further reasoning:

The part performance relied upon by the appellants to take this case out of the statute of frauds is the doing of ordinary farm work of such a character that it is not impossible nor impracticable to compensate in damages, the awarding of which will place the parties in status quo.

Under the rule of law hereinafter mentioned, the doing of such work does not constitute part performance sufficient to take the case out of the statute of frauds.

The rule above referred to, which we approve as a correct statement of the law, is set forth in Volume 37 Corpus Juris Secundum, under the subject of "Frauds, Statute of," Section 250, page 759, as follows:

"Part performance to be sufficient to take a case out of the statute must consist of clear, definite and unequivocal acts of the party relying thereon, strictly referable to the contract, and of such character that it is impossible or impracticable to place the parties in status quo. See also, **Mossholder v. Wiggins, 23 O. O. 1, 32 Abs 365, 33 Abs 50;** and **Potts v. Potts, 72 Oh Ap 268, 27 O. O. 114.** Judgment affirmed.