**DEAN, Plaintiff, v. DEAN et, Defendants.**

Common Pleas Court, Fayette County.

No. 21840. Decided January 4, 1955.

Shoemaker, George & Hill, Columbus, for plaintiff.
Robins, Metcalf & Alton, Columbus, for defendants.

## OPINION

By CASE, J.

On August 4, 1954, Plaintiff filed his petition herein which reads as follows:

"1. Plaintiff says that on or about the 15th day of March, 1946, that the plaintiff and the defendants herein, entered into an oral agreement to purchase the following described premises situated in the County of Franklin, State of Ohio, and in the City of Columbus:

"Being Lot Number Twenty-four (24) of H. W. Jaeger's Subdivision, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book No. 3, page 418, Recorder's Office, Franklin County, Ohio.

"for the sum of Four Thousand Five Hundred Dollars ($4,500.00).

"2. Upon the request of the defendants herein the title to said premises was to be taken in the names of the defendants herein, and they were to obtain and execute a purchase money mortgage for the full sum of $4,500.00.

"3. It was agreed by both the plaintiff and defendants that while the

premises would be only in the names of the defendants herein until the plaintiff graduated from Ohio State University, that the plaintiff would own an undivided one-half interest and the defendants would own an undivided one-half interest and that both parties would pay one-half of the purchase money mortgage and when the plaintiff graduated from Ohio State University then the defendants agreed to convey by a good and sufficient Warrant Deed an undivided one-half interest in the above described premises.

"4. As per the agreement, heretofore set out, Arie C. Agan, Charles V. Agan and Perry O. Waite, unmarried conveyed by General Warranty Deed the above described premises which deed is recorded in Deed Book No. 1310, page 191, Recorder's Office, Franklin County, Ohio.

"5. On the same date, April 29, 1946, George Rodney Dean and Louise Dean, his wife, conveyed by mortgage deed the premises heretofore described to Second National Bank of Circleville, Ohio, to secure a loan in the sum of $4,500.00, payable in monthly installments of $33.29.

"6. The plaintiff further says that the hereinbefore described premises was a Duplex building and that the plaintiff lived upstairs and the defendants lived downstairs and that each of them paid one-half of the mortgage payments, repairs, and water bills and any and all expenses resulting from ownership of said premises.

"7. The plaintiff herein graduated from Ohio State University on or about the 19th day of June, 1949, and from time to time in the summer and fall of the year 1949, plaintiff requested that defendants convey the undivided one-half interest in said premises to the plaintiff as per agreement as heretofore set out. However, defendants refused and never conveyed said undivided one-half interest to the plaintiff.

"8. On December 7, 1951, the defendants, George Rodney Dean and Louise Dean, his wife conveyed said premises to Leslie Gordan, 169 Franklin Park West, Columbus, Ohio. This deed is recorded in D. B. 1653, page 447, Recorder's Office, Franklin County, Ohio.

"9. Plaintiff says that the premises were sold without the knowledge or consent of the plaintiff and that the plaintiff is not familiar with the terms and conditions of said sale Plaintiff says that he has received no consideration for his undivided one-half interest.

"10. Plaintiff further says that the defendants used proceeds from the above noted sale to purchase the following described premises: Situated in the County of Fayette, State of Ohio, and Township of Union:

"Being Lot Number Two (2) in Brownell's Washington Ave. Subdivision 1952, as shown on plat recorded in Plat Book 'B' Page 51 in the Recorder's Office of Fayette County, Ohio."

"11. Plaintiff further says that he has made a demand for an accounting on many occasions in the summer and fall of the year 1951, but defendants have failed and neglected to render such account.

"12. That plaintiff is ignorant as to the amount of income proceeds and in administering said trust, and cannot obtain such information, all of which is within the exclusive knowledge of the defendant.

"13. WHEREFORE, plaintiff prays the court as follows:

"(a) That an accounting be made and distribution ordered as provided by law.

"(b) That the court declare that the defendants were holding un-

divided one-half interest in the hereinbefore described Franklin County property and that the proceeds were invested in the hereinbefore described Fayette County real estate and, therefore, the defendants are holding some interest in Fayette County property in trust for the plaintiff.

"(c) That partition of his interest be set off to plaintiff in severalty if such division can be made without manifest injustice, or if said property be sold, that out of the proceeds of said sale he be decreed his interest and the proceeds of said sale be divided as provided by law.

"(d) That the defendants George Rodney Dean and Louise Dean be required to set up any and all claim that they may have in and to said real estate situated in the County of Fayette or be forever barred.

"(e) And for such other equitable relief as may be just and proper."

It should also be noted that the foregoing allegations were subscribed and sworn to and verified positively by the plaintiff.

On August 21, 1954, Defendants filed a demurrer to Plaintiff's petition herein which reads as follows:

"Now come the defendants and demur to the petition of the plaintiff for the reason that the same fails to show a cause of action against the defendants."

Said demurrer was supported by a memorandum filed the same date, and a memorandum contra thereto was filed by Plaintiff on September 7, 1954.

Defendants' memorandum in support of their demurrer is bottomed upon the contention that Plaintiff's petition involves a contract, not in writing, concerning real estate and therefore comes within certain provisions of §1335.05 R. C., known as the statute of frauds.

Defendants memorandum also urges that Plaintiff has been guilty of laches and that by reason thereof Defendants' demurrer should be sustained and Plaintiff's petition dismissed.

In opposing Defendants' demurrer. Plaintiff contends said demurrer admits that an oral agreement to purchase said property was entered into by and between the parties, that Plaintiff had moved into possession of the upstairs portion of said duplex property, that Defendants occupied the downstairs portion, that Plaintiff and Defendants each paid one-half of the mortgage payments, repairs, water bills and all other expenses arising from the alleged ownership of said premises, as alleged in Plaintiff's petition.

Plaintiff further contends that the allegations so admitted by Defendants' demurrer therefore admit acts of such part performance as will take the case out of the operation of the statute of frauds in order to prevent fraud upon the Plaintiff. In other words, Plaintiff contends that his petition herein seeks to invoke the equity jurisdiction of this Court not upon the alleged verbal contract, but upon the fraud—actual or constructive—practiced by one party upon the other by inducing him to perform the contract to such an extent that by their refusal to complete it, Defendants have gained an unconscionable advantage over the Plaintiff's performance thereof.

Plaintiff further contends that Defendants' reliance upon the doctrine of laches is premature and inapplicable to the facts alleged in Plaintiff's petition.

Upon due consideration of the respective arguments and authorities

cited on behalf of the parties hereto, the Court is of the opinion that there is persuasive authority to support the equitable character and sufficiency of Plaintiff's petition against the grounds stated in Defendants' demurrer and argued in their supporting memorandum.

A most comprehensive review of the issues so raised is to be found in the case of **Hughes v. Oberholtzer, 162 Oh St 330** (XXVII Ohio Bar No. 49, December 20, 1954), which was decided by the Supreme Court of Ohio on December 15, 1954.

There, as in the case at bar, the major issue raised by demurrer was whether the relief sought on an alleged oral agreement was barred by the statute of frauds.

In that case, the Court of Appeals had held that the amended petition therein filed pleaded facts showing a cause of action arising under a quasi contract due to unjust enrichment, and, therefore, that the statute of frauds did not apply.

At page 334, Judge Middleton stated in part as follows:

"It is manifest that the subject matter of the alleged oral agreement in its entirety is such as comes within the provisions of the statute of frauds unless removed therefrom by the circumstances pleaded.

"It is to be observed that this is an action for **damages** for breach of an alleged oral agreement, which damages are alleged in detail and specifically allocated to alleged breaches of the respective provisions of the agreement pleaded. This is an action at law. It is not an action for specific performance. It is not an action for restitution. It is not an action to recover the **value** of property transferred." (Emphasis added by Judge Middleton.)

In the instant case, it is also manifest that the subject matter of the alleged oral agreement in its entirety is such as comes within the provisions of the statute of frauds unless removed therefrom by the circumstances pleaded.

Also, it should be observed that the instant case is not an action for **damages** for breach of an alleged oral agreement, nor are any damages alleged in detail or specifically allocated to any alleged breaches of any respective provisions of the agreement pleaded. And, although it is not an action to recover the **value** of property transferred between the parties, it is clearly an action sounding in specific performance and seeking restitution.

Coming now to the second question as to whether or not Plaintiff's petition states such facts of part performance as will remove the alleged oral contract from the operation of the statute of frauds, we again quote from Judge Middleton in the Hughes case, supra, beginning at page 337:

"Early in the history of the statute of frauds, courts of equity. to prevent the statute being used as a shield by a wrongdoer, evolved the doctrine of part performance to remove a contract from the statute. The doctrine, like that of quasi contract, is based on equity and is applied in cases where it would be patently inequitable to refuse relief to the plaintiff.

"The doctrine of part performance which will take a case out of the operation of the statute of frauds is based upon acts of the parties which are such that it is clearly evident that such acts would not have been done in the absence of a contract and that there is no other explanation for

the performance of such acts except a contract containing the provisions contended for by the plaintiff.

"In other words, the acts done must not only indicate a contract, but a contract containing the provisions insisted upon by the plaintiff."

It clearly appears from the allegations contained in Plaintiff's petition that the acts therein alleged, and admitted for the purpose of Defendants' demurrer herein, would not have been done in the absence of a contract and that there is no other explanation for the performance of such acts except a contract containing the provisions contended for by the Plaintiff.

Therefore, it must be concluded that the allegations of Plaintiff's petition concerning the acts and conduct of the respective parties constitute such alleged facts of part performance as will remove the alleged oral contract from the operation of the statute of frauds.

In coming to consider Defendants' final argument and contention that Plaintiff has been guilty of laches, this Court is of the opinion that the doctrine of laches cannot be applied under the provisions of §2309.08(J) R. C., as the specific cause of demurrer stated herein. And, although it is true that laches is a defense which is peculiar to the courts of equity, where there is no statute of limitation which applies, however, the doctrine of laches does not generally apply where the situation of the parties has not been altered by the delay, as in the case at bar.

Therefore, in the light of all of the foregoing discussion of law and facts applicable to the issues raised by Defendant's demurrer herein, the Court finds that said demurrer is not well made and should be overruled for the reasons above set forth.

Counsel for Plaintiff may prepare an entry accordingly which will include therein appropriate exceptions on behalf of Defendants to the aforesaid findings, decision and entry, and thereupon submit same to Counsel for Defendants and to this court for approval within ten (10) days from the date of this decision.