## Mayse v. Frazier
*[Cite as 4 AOA 400]*

*Case No. 89AP-192*
*Franklin County, (10th)*
*Decided June 14, 1990*

*Lumpe & Everett and Mr. John K. Everett, for Plaintiff-Appellee.*

*Snyder & Jamison and Mr. Douglas A. Snyder, for Defendants-Appellants.*

BOWMAN, J.

On August 28, 1987, appellee, Molly L. Mayse, filed a complaint in the Franklin County Court of Common Pleas seeking partition of real estate in which she held a one-third interest as cotenant, along with her mother, Anestine M. Frazier, who owned a two-thirds interest in the property.

By an agreed entry filed on February 2, 1988, Ronald E. Frazier was permitted to intervene as a party defendant in the action claiming a one-third interest in the real estate which is the subject of this action. Appellants, Anestine M. Frazier and Ronald E. Frazier, filed counterclaims against appellee, alleging money damages and seeking specific performance of an oral agreement to convey appellee's interest in the property to Ronald Frazier.

The trial court requested briefs be submitted on the issue of the statute of frauds as a defense to an action in partition and for purposes of the briefs it was agreed that appellee orally promised to transfer her interest in the real estate to Ronald in exchange for Ronald making the mortgage payments, payments for taxes and insurance, and improvements. For purposes of the briefs it was further agreed that Ronald took possession of the property and met the legal and equitable obligations with regard to the property and the terms of the oral agreement.

By an entry filed on January 13, 1989, the trial court held that the appellants were estopped from asserting any defense based on an exception to the statute of frauds in this partition action since appellee had an absolute right to partition.

Appellants appeal, asserting a single assignment of error:

"The Trial Court erred as a matter of law in determining that the doctrine of part performance of an oral agreement to convey title to real estate, or any other exception to the application of the Statute of Frauds, cannot estop the plaintiff in a partition action from proceeding with that action, thus denying Defendants their right to be heard in support of their counterclaim for specific performance of the oral agreement."

Under Ohio law, an owner in fee simple has the right to seek partition of his interest in land. R.C. 5307.01 to 5307.25.

R.C. 5307.01 provides:

"Tenants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code."

R.C. 5307.04 provides:

"If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition thereof in favor of the plaintiff or all parties in interest, appoint three disinterested and judicious freeholders of the vicinity to be commissioners to make the partition, and order a writ of partition to issue."

Although the right to partition is controlled by statute, it is essentially equitable in nature. *Russell* v. *Russell* (1940), 137 Ohio St. 153; *Kukla* v. *Gonski* (1931), 40 Ohio App. 575. It is not disputed that tenants in common have the right to partition and are subject to that right. However, it is not an unlimited right and may be subject to certain restrictions *Stout* v. *Stout* (1910), 82 Ohio St. 358.

Appellee correctly notes that the right of partition cannot be defeated even if it will cause injury or inconvenience upon one of the joint owners or co-tenants. *Scott* v. *Waite* (1902), 12 Ohio Dec. 324; *Lauer* v. *Green* (1918), 99 Ohio St. 20; *Stout, supra.* However, appellee further argues that the trial court was correct in holding that appellee has the *absolute* right to partition and therefore appellants are estopped from asserting any defense to the action.

Appellants seek to invoke the doctrines of part performance of an oral contract to convey land as an exception to the statute of frauds as well as specific performance. In essence, appellants are attacking appellee's legal title to the one-third interest in real estate, claiming an equitable title in Ronald E. Frazier. Specifically, Ronald argues that he substantially and materially altered his position in reliance on appellee's oral promise to transfer her share of the property to him.

The trial court, however, was of the opinion that even if appellants could prove actions constituting an exception to the statute of fraud, it would not estop appellee from proceeding with her petition action. Therefore, the issue in this appeal becomes whether appellants should be permitted to raise these defenses in a partition action.

Before a court may order partition to be made, it must find the person seeking partition has a legal right to a part of the real estate. *Eberle* v. *Gaier, Jr.* (1913), 89 Ohio St. 118. As noted before, appellants are, in essence, attacking appellee's legal right to the one-third interest, claiming Ronald Frazier has in fact and equitable right to the one-third interest. The trial court found that the defense of part performance of an oral contract to convey real estate as an exception to the statute of frauds was not available in a partition action. The court stated it would consider the merits of the case and any defenses to the statute of frauds after the real estate has been sold and the funds placed in escrow.

However, in order for the court to determine whether appellee has a legal right to a part of the real estate in this partition action, it should have considered appellants' defense to the statute of frauds and counterclaim for specific performance. To do so after the fact would render the specific performance claim moot. In *Mossholder* v. *Wiggins* (1940), 36 N.E. 2d 989, this court found in a partition action that the defense of part performance of an oral contract to convey real estate was a valid defense to an action in partition of a defendant who showed equitable ownership in the property by clear and convincing evidence. In *Dean* v. *Dean* (1955), 123 N.E. 2d 689, an action for an accounting of proceeds and for partition, the court considered and agreed with the allegations that part performance of the oral contract removed it from the statute of frauds and noted that the action was clearly one sounding in specific performance.

Although appellant's actions for damages could be adequately compensated subsequent to a partition and sale of the property, the action for specific performance cannot.

For the foregoing reasons, appellants' assignment of error is sustained, and the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and YOUNG, JJ., concur.